## McELMURRAY v. LOOMIS.

*(Circuit Court, S. D. Georgia, W. D.  July 8, 1887.)*

1 WIDOW'S ALLOWANCE—PARTIES TO APPLICATION.
    In a proceeding to have set apart a year's support for the widow of an intestate, the administrator of the estate is a necessary party.

2. REMOVAL OF CAUSES—CITIZENSHIP.
    Where a non-resident creditor of the estate resists the application, and removes the entire proceeding to the United States court, it will be remanded, where the administrator is a resident of the same state as the widow.

(*Syllabus by the Court.*)

Motion to Remand.
*Hardeman & Davis,* for applicant.
*Gustin & Hall,* for defendant.

SPEER, J. This is an application for a year's support, made by Mrs. S. R. McElmurray, to be set apart to her out of the estate of her intestate. It is conceded that the estate is represented by an administrator, who with the applicant is a resident of this state. A creditor of the estate, William M. Loomis, who is a non-resident, contests the propriety of the application, and insists that the amount set apart to her by the commissioners under the statute is too great, and, having filed his contest in the court of ordinary, removed the entire proceeding to this court, to be determined here, because of his supposed rights growing out of his non-residence.

Now, it is true that where there is a party defendant who is a citizen of another state, and there is another necessary party defendant who is a citizen of the same state with the plaintiff, the cause is not removable. The administrator here is a citizen of the same state with Mrs. McElmurray, the applicant; and that leaves the only question to be determined by the court, is the administrator a necessary party to this application? An estate in the hands of an administrator is, in a certain sense, a trust-estate. He is the trustee appointed by the law to represent all of its interests, and unquestionably it must be regarded as settled that, in any proceeding affecting its integrity or its amount, he is a necessary party. Besides, he is expressly made a necessary party by the statute, in that it is required that notice of the application be served on him. For what purpose is this notice served, save to make him a party? I think, too, the administrator is a necessary party, because his presence is essential to make the judgment against the estate valid and binding. If I had doubt about it, I would hesitate before I would entertain jurisdiction of a question of this sort, where the subject-matter is peculiarly proper to be determined by the courts of the state, and by a particular court. In this case the application for a year's support is to be determined by the court of ordinary of the county which has the proper original jurisdiction. Commissioners are to be appointed who are citizens of the vicinage, and presumably their action could not so well be passed upon in the courts of the United States.

Besides, the application of the widow for a year's support is a mere incident of the administration, and it is not to be expected that this will be segregated from all the other matters in the management of estates pending in the local courts, and carried to the United States court. Such a practice would impose great inconvenience and expense upon a class ordinarily little able to litigate at a distance from their homes, and would be a hardship not contemplated, I think, by the statute providing for removals. But since clearly the resident administrator is a necessary party, I remand the cause for that reason.