## JORDAN *v.* JORDAN.

1. In the trial of an action of complaint for land there was no error in refusing to admit in evidence a judgment in favor of the defendant, rendered in a proceeding brought by the plaintiff against the defendant to dispossess the latter as a tenant holding over.

2. The evidence authorized the verdict, and there was no error at the trial requiring the granting of a new trial.

Argued February 4,—Decided March 2, 1898.

Complaint for land. Before Judge Felton. Bibb superior court. April term, 1897.

*Kibbee & Crump*, for plaintiff in error.
*Ryals & Stone*, contra.

Cobb, J. B. J. Jordan brought his action of complaint for land against Jordan Jordan. A verdict was rendered in the plaintiff's favor for the premises in dispute; and defendant's motion for a new trial being overruled, he excepted. The only error of law complained of, which is presented in such a way that we can deal with it, grows out of the refusal of the court to admit in evidence, on behalf of the defendant, the original papers showing that there had been a proceeding under the provisions of section 4813 of the Civil Code in the same court between the same parties, involving the right of possession to the premises in dispute, and that a judgment in such proceeding was rendered against the plaintiff. The proceeding authorized in section 4813 et seq. of the Civil Code is not one to try title to land; but is provided for the sole purpose of determining the right of possession between one claiming to be a landlord, on the one side, and a person claimed by him to be his tenant, on the other. The relation of landlord and tenant is indispensable to the maintenance of this proceeding. *Watson v. Toliver*, and cases cited, ante, 123. The questions involved in such proceeding are: Did the relation of landlord and tenant exist between the parties? And, if so, has the relation terminated in such a way that the landlord is entitled again to the possession of the premises? No other questions can properly be raised; and therefore the judgment rendered therein is not conclusive on any others. It therefore follows that a judgment in favor of a defendant in such a proceeding may be perfectly proper and legal, and still the legal title to the premises be in the plaintiff in the proceeding. If Jordan Jordan was never a tenant of B. J. Jordan, the judgment in the former's favor in the proceeding to dispossess was proper; and

the remedy of B. J. Jordan, who was the owner, was to assert his title, as was done in this case, by an action of ejectment against Jordan Jordan, who was in possession. The title not being involved in the proceeding brought to dispossess Jordan Jordan as a tenant of B. J. Jordan, the judgment rendered in that case was irrelevant to the issue presented in this case, and the evidence was properly excluded.

There was evidence authorizing the jury to find in favor of the plaintiff; and an examination of the record discloses no error which, in our opinion, required the trial judge to grant a new trial. *Judgment affirmed. All the Justices concurring.*