## PATRICK *v.* COBB.

1. An issue made by the filing of a counter-affidavit to a summary proceeding to eject a tenant, under the Civil Code, § 4813 et seq., is tenancy or no tenancy, and the question of the plaintiff's title is not involved.

2. While an equitable amendment might be allowed in such a proceeding, it must relate to matters which are germane to this issue.

3. It follows that a counter-affidavit setting up that the deed under which the plaintiff claims to derive title from the defendant is void, and praying for a cancellation of the same, is not allowable.

4. Agency can not be established by the declarations of the alleged agent.

5. The evidence not being sufficient to establish the relation of landlord and tenant between the plaintiff and the defendant, it was error to refuse a new trial.

Submitted December 17, 1904.—Decided February 1, 1905.

Eviction.　Before Judge Mitchell.　Lowndes superior court. August 24, 1904.

*W. E. Thomas* and *C. L. Smith*, for plaintiff in error.
*Wilcox & Johnson*, contra.

COBB, J.　This was a proceeding, under the Civil Code, § 4813 et seq., to eject a tenant.　The defendant filed a counter-affidavit, and offered an amendment alleging that the plaintiff claimed title under a sheriff's deed purporting to sell the defendant's property, and that the same was void, and praying for a cancellation of the deed.　This amendment was disallowed, and the defendant excepted pendente lite.　The jury returned a verdict in favor of the plaintiff, and the defendant assigns error upon the refusal to allow the amendment to her counter-affidavit, and upon the refusal to grant her motion for a new trial.

The issue in a proceeding of the character here involved is tenancy or no tenancy; and under our system equitable amendments may be allowed to the pleadings of either party, if such amendments set forth facts proper to be considered in the determination of this issue.　But the proceeding being statutory, the defendant can not by counter-affidavit inject into the case an issue which is not germane to that involved in the proceeding.　*Johnson* v. *Stancliff*, 113 *Ga.* 886.　The cases of *Ford* v. *Holloway*, 112 *Ga.* 851, and *Wilkins* v. *Gibson*, 113 *Ga.* 31, 58, were claim cases, and the equitable amendments related to matters which were germane to the issue of subject or not subject, which is the only issue in the statutory claim proceeding.　There was no error in disallowing the amendment.

The burden was upon the plaintiff to establish the existence of the tenancy.　Unless this was done he was not entitled to pursue the remedy which he was seeking.　*Henry* v. *Perry*, 110 *Ga.* 630, and cit.　The only evidence offered to establish the relation of landlord and tenant between the parties was the declaration of a son of the defendant, who it is claimed was her agent, and the only evidence of his agency consisted of his own declarations. The court erred in admitting evidence of these declarations, and should have granted a new trial on this ground, as well as on the ground that the verdict was without competent evidence to support it.　　　　　*Judgment reversed.　All the Justices concur.*