## BOOTH v. SAUNDERS.

To a ruling in a proceeding in the superior court, a writ of error to this court at the instance of one not a party to such a proceeding will not lie.

Submitted February 19,—Decided April 10, 1907.

Practice in the Supreme Court.

*S. C. Townsend,* for plaintiff in error.

ATKINSON, J. Saunders presented a petition to the judge of the superior court, in vacation, alleging, that Booth had instituted against him, in the county court of one of the counties of the circuit of such judge, a bail-trover case; that the petitioner was unable to give the bond required by law, and also unable to produce all of the property sued for; that when the case came on for trial, the plaintiff having failed to establish the allegations of the petition, a nonsuit was granted, but notice of certiorari was given and the defendant was remanded to jail. The prayer of the petition was that the petitioner be discharged, for the reason that he was not able, at the time that the bail affidavit was filed, nor at any time since, to give bond; nor was the property in his custody or control. This petition was verified by the affidavit of the petitioner. Without notice to any one, the judge passed an order discharging the petitioner from imprisonment, upon his own recognizance, providing, however, that the plaintiff in the trover suit might question the facts of the petition, or rebut the same "as to the future liability or imprisonment" of the petitioner, by giving five days notice of the time and place of hearing. Booth, the plaintiff in the trover suit, filed a bill of exceptions, assigning error upon the order of discharge. He was no party to the proceeding before the judge. That proceeding was wholly ex parte.

Under the view we take of the matter, this court has not jurisdic-

3

tion to review the order of the court of which complaint is made. It will be observed that the provisions of the Civil Code, §4609, are not applicable, because the application for discharge was not made to the judge of the court wherein the trover case was pending. If a writ of error would lie to the ruling complained of, it must be at the instance of some one authorized by law to sue out a writ of error. Under the law, among other essentials, there must of necessity have been a case and a judgment therein to be reviewed. The party seeking the writ of error must have been a party to such case. There is no provision of law for one not a party to a case to bring a ruling of the court, made therein, to this court by writ of error. Civil Code, §5527. Inasmuch as the plaintiff in error was not a party to the proceeding in the court below, his effort to bring the ruling complained of to this court for review is futile. We do not decide whether or not the county court, after the judgment of nonsuit, should have remanded the defendant to custody, upon notice of the intention to apply for a certiorari; nor whether or not the judge of the superior court had jurisdiction to discharge, or should have discharged the defendant by ex parte order. We simply hold that the writ of error should be dismissed for the reasons already indicated.

*Writ of error dismissed. Fish, C. J., absent. The other Justices concur.*