## ARNOLD *v.* WATER POWER AND MINING COMPANY.

Where a dispossessory warrant is sued out to evict a tenant, who files a .counter-affidavit alleging facts which are only defensive in character, and no equitable or affirmative relief is prayed, the action is a statutory one falling within the jurisdiction of the Court of Appeals, and not within the jurisdiction of the Supreme Court; and it having been sent.to the latter, direction is given that it be transferred to the former court.

JUNE 14, 1917.

Eviction. Before Judge Jones. Lumpkin superior court. October 18, 1916.

*H. H. Perry* and *R. H. Baker,* for plaintiff in error.

*O. J. Lilly* and *W. A. Charters,* contra.

HILL, J. The Water Power and Mining Company of Georgia sued out a dispossessory warrant against Craig R. Arnold, for the purpose of evicting him as a tenant holding over. Arnold filed a counter-affidavit in which he averred that he was not in possession of the premises as tenant of the plaintiff, but in his own right. He subsequently amended his counter-affidavit, admitting that he was in possession of the premises described, and that he entered as the tenant of the plaintiff and refused to deliver possesion; and ·he set up by way of defense an alleged agreement between the plaintiff and himself, to the effect that if the defendant would rent the premises in controversy and would also be instrumental in selling other valuable mining property of the plaintiff, the plaintiff would "convey and deed" to defendant the property in controversy. He averred that in pursuance of his contract with the plaintiff he entered into negotiations with a prospective purchaser of the property, and through his (defendant's) efforts the mining property of plaintiff was sold. to such purchaser, and under the terms of the agreement between plaintiff and defendant the equitable title to the property in controversy was in the defendant, and not in the plaintiff. Wherefore defendant claimed that plaintiff was estopped, by reason of these facts, from denying that a complete sale had been made by defendant to the purchaser of plaintiff's mining property; and from denying that the defendant had ·fully earned his commission, which was the property in dispute; and therefore he claimed a perfect equitable title to the property of which he was in possession. No affirmative relief was prayed by him, by way of specific performance or otherwise.

The jurisdiction of the Supreme Court is limited by the constitution of the State. Among other powers, this court has jurisdiction "in all cases respecting title to land; in all equity cases;" etc. Acts 1916, p. 19. Does the instant case come within either of the two classes named? If not, this court is without jurisdiction.

In *Patrick* v. *Cobb*, 122 *Ga.* 80 (49 S. E. 806), this court held that "An issue made by the filing of a counter-affidavit to a summary proceeding to eject a tenant, under the Civil Code, § 4813 [C. C. (1910), § 5385] et seq., is tenancy or no tenancy, and the question of the plaintiff's title is not involved." It seems clear, therefore, that the present case does not involve "title to land," and that this court has no jurisdiction under the constitution. Is it an equity case? As stated above, no equitable relief is affirmatively asked, and the matter set up in the counter-affidavit is all by way of defense. So in neither event has this court jurisdiction.

The jurisdiction of the Court of Appeals is fixed by the constitution. Acts 1916, p. 19 et seq. The present case comes within its jurisdiction. The act of 1916 also provides that "Any case carried to the Supreme Court or to the Court of Appeals, which belongs to the class of which the other court has jurisdiction, shall, until otherwise provided by law, be transferred to the other court under such rules as the Supreme Court may prescribe, and the cases so transferred shall be heard and determined by the court which has jurisdiction thereof."

As the Court of Appeals has jurisdiction of this case (Acts 1916, p. 20) and the Supreme Court has no jurisdiction, direction is given that it be transferred to the former court.

*All the Justices concur.*