9108. HENDRICKS, executor, v. ROGERS, treasurer.

WADE, C. J. 1. Without considering the various questions suggested by the record, it appears that the motion to set aside a judgment of the court of ordinary in favor of Hendricks, as administrator of a certain estate, was brought against Hendricks individually, a rule nisi was so issued, and judgment was rendered in his behalf individually. Thereupon the creditor seeking to set aside the judgment of discharge filed his petition for certiorari against Hendricks individually, and in the superior court a judgment was rendered in behalf of the plaintiff in

certiorari and against Hendricks as an individual. So much appears
from the record. The writ of error to this court is brought by "B. L.
Hendricks, executor upon the estate of Mary Addie Hendricks," and
not by B. L. Hendricks individually, and, it not appearing that B. L.
Hendricks as executor, etc., was a party to the proceeding which it was
sought to review, and there being therefore no proper party in the pro-
ceeding before this court, the bill of exceptions must be dismissed. See
*Booth* v. *Saunders,* 128 *Ga.* 33 (57 S. E. 93); *Branch* v. *Mallory,* 8
*Ga. App.* 797 (70 S. E. 177); *Central R. Co.* v. *Craig,* 59 *Ga.* 185 (2).

(*a*) There is nothing in the record to show that B. L. Hendricks as an
individual is dissatisfied with the rulings of the lower court which are
complained of by B. L. Hendricks as executor, etc., nor can the bill
of exceptions be so amended as to make Hendricks individually the
plaintiff in error. *Branch* v. *Mallory,* supra.

(*b*) Ordinarily the party in whose favor the judgment complained of was
rendered must be a party defendant to a motion to set aside the same,
and while it is true that one acting in his individual capacity is en-
tirely distinct from the same person acting as executor or administrator,
it is unnecessary to consider in this case whether the motion to set
aside the judgment discharging an executor was properly brought
against him as an individual.

*Writ of error dismissed. Jenkins and Luke, JJ., concur.*

DECIDED MAY 16, 1918.

Certiorari; from Bibb superior court—Judge Mathews.  July 5,
1917.

*Charles H. Hall,* for plaintiff in error.

*Hardeman, Jones, Park & Johnston, Harry S. Strozier,* contra.