### 12106. ARRINGTON *v.* TURNER.

STEPHENS, J.  1. Where a tenant held over and remained in possession after the expiration of his term, assuming that the term had expired on the 31st day of the preceding month (December), which term the tenant had held under a lease contract providing for the payment of rent in a certain stipulated amount in monthly installments, and the landlord refused to accept from the tenant a payment of rent for a period of one month next succeeding the expiration of his term, the tender of which was made in accordance with the terms of the lease contract which had expired, but received and accepted from the tenant a payment of rent for a certain period, to wit, eight days immediately following the expiration of his term, which payment was not made in accordance with any of the terms of the pre-existing rental contract, and where the landlord had already demanded that the tenant surrender possession of the premises at the end of the eight-day period, although the tenant had declared his intention not to thus surrender the premises, such payment and acceptance under such circumstances did not, as a matter of law, establish an implied renewal of the pre-existing rental contract, but authorized the inference that a rental contract was made for a definite period of eight days only.

2. This being a proceeding in the municipal court of Atlanta, by a landlord to dispossess his tenant, upon the ground that the latter was holding over beyond his term, and it appearing that the judgment rendered for the defendant was not demanded, the judgment of the superior court sustaining the certiorari will not be disturbed.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED MARCH 4, 1922.

Certiorari; from Fulton superior court — Judge George L. Bell. October 27, 1920.

*Claude Brackett,* for plaintiff in error.

*D. K. Johnston,* contra.