16615. SUTHERLAND *v.* DONOVAN, guardian.

BELL, J. 1. Where an amendment to a pleading is tendered and disallowed, and there is no order directing that it be filed and made a part of the record (see *Duffey* v. *Harris*, 19 *Ga. App.* 646 (2), 91 S. E. 1006), it is no part of the record, and it can not be specified as such in the bill of exceptions. It follows that this court can not consider what purports to be a copy of a proffered but rejected amendment to the appeal in this case. See *Sayer* v. *Brown*, 119 *Ga.* 539 (2) (46 S. E. 649), *Wallace* v. *State*, 17 *Ga. App.* 434 (1) (92 S. E. 889).

2. No one has a right to appeal except parties to the case in which the appeal is entered. *Dupree* v. *Drake*, 94 *Ga.* 456 (19 S. E. 242); *Arnold* v. *Water Power & Mining Co.*, 147 *Ga.* 91 (92 S. E. 889). While an appeal may be taken from a judgment allowing a year's support, by a person who has *filed* objections, even though they are subsequently disallowed or stricken, yet where a person appears and merely *tenders* a demurrer to the application, and merely *offers* to file objections to the return of the appraisers, and the ordinary refuses to hear or consider such demurrer and objections, or even to allow them filed, and they are never filed, the person tendering them does not become a party to the proceedings, and can not appeal from the judgment admitting the return to record. This case is distinguishable from *Phelps* v. *Daniel*, 86 *Ga.* 363 (12 S. E. 584), since in that case the objections were filed and heard and then disallowed and stricken; and for a similar reason it is unlike the case of *Pierce* v. *Felts*, 146 *Ga.* 809 (92 S. E. 541).

3. The above-stated facts affirmatively appearing on the face of the appeal and disclosing that it was invalid, the court did not err in refusing to allow the case to be tried thereon by a jury, or in rendering a judgment virtually dismissing the same.

4. Since the appeal could in no event have been sustained as a valid appeal, it is immaterial that the court overruled the motion of the associate counsel to postpone the trial until his client and the leading counsel could be present.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided November 18, 1925.

Appeal; from Fulton superior court—Judge Humphries. April 14, 1925.

*Walter R. Brown, W. K. Dial,* for plaintiff in error.

*Slaton & Hopkins,* contra.