## ANDERSON *v.* WATKINS.

No. 7348. APRIL 19, 1930.

*Gordon Knox,* for plaintiff in error. *Newton Gaskins,* contra.

RUSSELL, C. J. J. C. Watkins made the statutory affidavit seeking to evict J. C. Anderson from described premises, it being averred that Anderson was the tenant of Watkins and was holding said premises "over and beyond the term for which the same were rented or leased to him." Anderson filed a counter-affidavit asserting that "he is not the tenant of the said J. C. Watkins, that he is not holding the said house and premises under or by virtue of lease or contract of rental from the said J. C. Watkins; that he does not hold said house and premises either by lease, rent, at will

or sufferance, or otherwise, from the said J. C. Watkins, or from any one from whom he claims the said house or premises, or from any one claiming the said house and premises under him, but that deponent claims the said house and premises bona fide and in good faith as the true and lawful owner of the same." The issue was tried in the superior court upon an agreed statement of facts, from which it appeared that Anderson had purchased the premises in dispute from Watkins, who delivered to Anderson a warranty dǫed, and Anderson then executed to Watkins a deed to secure the payment of certain monthly notes representing the balance of the purchase-price. Anderson went into possession of the land and began the operation of the filling-station located thereon. He operated the same for a period of twenty-one months, during which time he paid the monthly payment of $100 on the purchase-price. Thereafter one Brigman claimed title to the above-mentioned land and threatened to file suit against Anderson to recover the property. Watkins was notified, and took steps endeavoring to quiet the title, but was unable to effect an adjustment with Brigman, the adverse claimant. Anderson refused to make any further payments of the monthly installments until the title was quieted, and Watkins advertised the property for sale under a power of sale contained in the security deed. Anderson then filed an equitable petition against Watkins and Brigman, setting up the adverse claim of Brigman, and alleging that Watkins had breached specified conditions of the contract of sale which related to the purchase of the good will of the filling-station business from Watkins. Anderson prayed that both defendants be required to set up their respective claims of title; that, if it be adjudged that Brigman had title, the contract of sale between him and Watkins be rescinded; and that the sale advertised by Watkins under the power contained in the deed be enjoined. The judge granted a temporary restraining order enjoining the sale, but upon the interlocutory hearing the restraining order was dissolved. Watkins again advertised the property for sale, and at the sale in accordance with the advertisement he purchased the property. After the sale Watkins filed the affidavit to evict Anderson, which is the basis of the present proceeding. The equitable petition, the recitals of which were introduced in evidence in this dispossessory proceeding, is still pending in the trial court. Upon the trial of the case now before us, the

judge directed the jury to find a verdict in favor of the plaintiff. The defendant filed a motion for a new trial, based upon the general grounds; and he also assigned error upon the order of the court directing a verdict, upon the ground that the determination of the issue in the case should have been submitted to the jury, and that the court should have directed a verdict in favor of the defendant.

We are of the opinion that this court is without jurisdiction to decide the question raised in the present writ of error. The eviction proceeding instituted by Watkins was resisted by Anderson by filing a counter-affidavit denying tenancy. Thus was presented the only issue which can properly be determined in such a case, that is, tenancy or no tenancy. *Watson* v. *Toliver,* 103 *Ga.* 123 (29 S. E. 614) ; *Jordan* v. *Jordan,* 103 *Ga.* 482 (30 S. E. 265) ; *Patrick* v. *Cobb,* 122 *Ga.* 80 (49 S. E. 806). It is evident that the present proceeding is not an "equity case," and, indeed, it appears from the agreed statement of facts that there is an equitable petition (the substantial allegations of which were incorporated in the agreed statement of facts as evidence in the present proceeding) relating to the premises in dispute, which is still pending in the trial court. Our decision in this case is controlled by the ruling in *Arnold* v. *Water Power & Mining Co.,* 147 *Ga.* 91 (92 S. E. 889), wherein it was said: "In *Patrick* v. *Cobb,* 122 *Ga.* 80 (49 S. E. 806), this court held that 'An issue made by the filing of a counter-affidavit to a summary proceeding to eject a tenant, under the Civil Code, § 4813 [C. C. (1910), § 5385] et seq., is tenancy or no tenancy, and the question of the plaintiff's title is not involved.' It seems clear, therefore, that the present case does not involve 'title to land,' and that this court has no jurisdiction under the constitution." It appearing that the Supreme Court has no jurisdiction of this case and that the Court of Appeals has jurisdiction thereof, direction is given that it be

*Transferred to the Court of Appeals. All the Justices concur.*