20426. WARDLAW *v.* WARDLAW *et al.*

Decided June 10, 1930.

A. E. Ramsaur, Clarke & Clarke, for plaintiff in error.
Hendrix & Buchanan, contra.

Bloodworth, J. █ Special ground 1 of the motion for a new trial complains that the court erred in failure to charge § 3657 of the Civil Code of 1910; ground 2 of the failure to charge § 4040; and ground 9 of the failure to charge § 4044. In failing to charge these sections the court committed no error, as neither of them is adapted to the facts of the case. See, in this connection, *Brazil* v. *City of LaGrange,* 37 *Ga. App.* 500 (140 S. E. 784).

█ Special ground 3 of the motion alleges that the court erred in charging as follows: "They say further that although the deceased and Mrs. Lula Wardlaw were occupying the same apartment during the last two years of his life, that they were not living as husband and wife." Ground 4 alleges that the court erred in charging that "They say that the report should be set aside for the reason that it does not appear therefrom that the administrator of said estate was given ten-days notice as required by law." The excerpt from the charge in each of these grounds is taken from that portion of the charge wherein the court was stating the contentions of the movant. There is no insistence that these contentions were not fairly stated. In *Matthews* v. *Seaboard Air-Line Railway,* 17 *Ga. App.* 664 (87 S. E. 1097), this court held: "It is not reversible error for the court, in stating the contentions of the parties,

to state these contentions as they are presented in the pleadings, even though there be no evidence or insufficient evidence to support the contention." See also *While* v. *Knapp, 31 Ga. App.* 344 (7 *a*) (120 S. E. 796); *Ga. Ry. Co.* v. *Simms, 33 Ga. App.* 535 (5) (126 S. E. 850). It is also insisted in each of these grounds that additional instructions should have been given. There is no merit in this contention.

■ In ground 5 the court is alleged to have erred in charging as follows: "As I have charged you, the return of the appraisers is prima facie evidence that the widow is entitled to the year's support as set out in the return, but if the evidence in this case satisfied your minds, by a preponderance of testimony, that this return is excessive and, for any reason set up in the caveat, to which I have called your attention, should be set aside, then it would be your duty to find for the objectors and sustain their caveat and set aside the return." For no reason assigned should a new trial be granted because of this charge.

■ For no reason alleged did the court err in giving to the jury the following form of verdict: "We, the jury, find in favor of the objectors and against the appraisers." Nor did the court err in writing out and handing to the jury two forms of verdict with the following explanation: "I have written out for your convenience these two verdicts, and I have left in the verdict in favor of the objectors a blank, to write out such property or money as you think the widow is entitled to, provided you find against the return of the appraisers under the instructions given you; and if you find that form of verdict, you will add whatever you award her for a year's support. If you find for the widow and against the objectors, you will use the other form of verdict, and sign it as it is made."

■ In ground 7 the court is alleged to have erred in charging the jury that "Whatever you award her, if you find for the objectors, you should, in addition to whatever you award her in property or money, award her a sufficiency of the furniture as you think she is entitled to in your judgment." Plaintiff in error contends that this charge was error for the reason that the jury could not find for the objectors and at the same time find for the movant. The part of the charge objected to is somewhat involved, yet it is not erroneous when considered in connection with the context and

the facts of the case. Properly construed, this charge means that should the jury find for the movant a less amount than was awarded by the appraisers, this would be a finding in her favor, and yet would be a finding in favor of the objectors to the amount the jury reduced the award. Here was a verbal inaccuracy. It is well settled "that a verbal inaccuracy in a charge resulting from a palpable slip of the tongue, and which clearly could not have misled the jury is not cause for a new trial." *So. Ry. Co.* v. *Merritt,* 120 *Ga.* 409 (47 S. E. 908). As was said in *Hoxie* v. *State,* 114 *Ga.* 20 (6), 23 (39 S. E. 944), "It was palpably a mere slip of the tongue, and, viewed in the light of what the judge said in this immediate connection, could not possibly have misled or confused any intelligent man on the jury." Before a new trial should be granted because of an error committed on the trial, not only error but injury must be shown. See *Adams* v. *State,* 34 *Ga. App.* 144 (3) (128 S. E. 924) ; *Duke* v. *Hogan,* 155 *Ga.* 360 (116 S. E. 598), and cit.

■ Complaint is made in ground 10 of the admission in evidence of certain checks of the deceased, on the ground that this evidence was "illegal for the reason that it tended to establish by the witness a condition of living which was not correct and true according to the evidence in the case. Movant contends it was further irrelevant and illegal because the witness, on page 10 of brief of evidence, did not live at home and did not know anything about the expenses." These were questions for determination by the jury.

■ The court properly refused to dismiss the appeal of the caveators "upon the ground that the administrator should be before the court representing the estate of the deceased and not some of the heirs." There is no provision of the law that in such a proceeding as this the estate should be represented by the administrator. Indeed, a year's support can be set aside when there is no administrator. Section 4041 of the Civil Code (1910) provides that "Upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children *or any other person* in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice), to appoint five discreet appraisers"

to set aside and assign to such widow and children or children only a year's support. (Italics ours.) In *Mathews* v. *Rountree,* 123 *Ga.* 327 (50 S. E. 135), it was held: "Not only heirs, legatees, and creditors of an estate, but also all other persons concerned in the legal administration of the assets thereof, including a cosurety of the decedent on a bond on which suit has been brought, may interpose a caveat to an application for a year's support." See also *Mulherin* v. *Kennedy,* 120 *Ga.* 1080 (48 S. E. 437). Each of the foregoing decisions shows that it is not necessary for an administrator to be a party to a caveat to a year's support.

*Judgment affirmed.* *Broyles, C. J., and Luke, J., concur.*