21599. RILEY, sheriff, *v.* BANK OF JERSEY

DECIDED SEPTEMBER 17, 1931.

*J. M. Roberts, Orrin Roberts,* for plaintiff in error.

*A. M. Kelly, W. F. Lewis,* contra.

LUKE, J. The Bank of Jersey, by its petition against J. M. Riley, Sheriff, prayed for a rule nisi requiring him to show cause why he should not be required to pay over to the petitioner the sum of $165 collected on a fi. fa. in favor of said bank and against C. S. Titshaw. The sheriff answered that he had the money, but it had been claimed under certain tax fi. fas. which had been placed in his hands with notice in writing "to hold said funds subject to the order of this court." We quote paragraph 3 of said answer: "That respondent has no interest except that he be protected by the court in the distribution of said funds and his attorney be paid for making this answer $15, J. M. Roberts, attorney, having made the same for him." J. M. Riley excepts to the judgment awarding the fund to Bank of Jersey, and avers that the judgment is erroneous, (*a*) because said tax fi. fas. were a first lien upon the property, and (*b*) because "the attorney's fee for representing plaintiff in error should have been allowed, and the costs of the proceeding, as the sheriff was a mere stakeholder, and there was no offer by Bank of Jersey to pay the pro rata part of the taxes."

It appears from the record that the judgment awarding the

entire fund to Bank of Jersey was based upon the following agreed statement of facts: "The Bank of Jersey held a security deed from C. S. Titshaw to thirty acres of land, executed December 19, 1919. On August 20, 1928, judgment was obtained by the bank against Titshaw generally, and specially against the thirty-acre tract. Mrs. C. S. Titshaw claimed the land when it was levied upon, and the claim case was decided against her. See 170 *Ga.* 846. The thirty acres was sold under the levy, and on September 2, 1930, the sheriff collected $165 from the purchaser."

Mrs. C. S. Titshaw, since 1923, had returned for taxation 96 acres of land, 30 of which were sold as the property of C. S. Titshaw under fi. fa. in favor of Bank of Jersey against C. S. Titshaw for $165. Notice in writing was served upon the sheriff by the attorney for G. N. Briscoe, tax-collector, and the administrator of J. H. Harris estate, demanding payment of tax fi. fas. for 1926, 1927, 1928, 1929, and 1930; the tax fi. fas. for 1929 and 1930 being held by G. N. Briscoe, tax-collector, and for 1926, 1927, 1928, by J. H. Harris, transferee. These tax fi. fas. with all entries thereon were attached to the sheriff's answer, and the sheriff's answer was not traversed. The Bank of Jersey had not paid the tax on this property, nor had C. S. Titshaw paid it. All said tax fi. fas. were issued against Mrs. C. S. Titshaw.

Counsel for the defendant in error move to dismiss the bill of exceptions, because of the lack of proper parties as plaintiffs in error. Counsel for the plaintiff in error moves that the parties representing the holders of the tax fi. fas. be made coplaintiffs in error. We shall dispose of the last motion first, by holding that the persons representing the holders of the tax fi. fas. can not be made parties plaintiff here, for the reason that they were not parties in the trial court. "No one has a right to appeal except parties to the case in which the appeal is entered." *Dupree* v. *Drake*, 94 *Ga.* 456 (19 S. E. 242) ; *Sutherland* v. *Donovan*, 34 *Ga. App.* 643 (130 S. E. 688). Indeed, if all the interested parties had been parties in the trial court, and the proceedings there had all been regular and correct, the sheriff would have no right to bring the case to this court in behalf of any claimant to the funds. In such a case the aggrieved claimant alone would have such right. See *Mattox* v. *Barry*, 136 *Ga.* 183 (71 S. E. 155).

Then, has the sheriff the right to proceed alone as plaintiff in

error? It appears from his answer to the rule that his only interest is that "he be protected by the court in the distribution of said funds and his attorney be·paid for making this answer $15." In this case the other claimants to the fund were not "notified in writing by the sheriff, or movant, of the pendency of the rule," so that "they would be bound by the judgment of distribution" (Civil Code of 1910, § 5348), did not waive service, and did not participate in the trial of the case. In these circumstances, the holders of the tax fi. fas. were not bound by the judgment awarding the funds.

It is insisted that since the sheriff is not protected by the judgment on the rule, he is vitally interested in having the alleged erroneous judgment corrected. He would have been abundantly protected if he had exercised the right given him under the Code, § 5348, supra, to bind the interested parties by the judgment of distribution by giving them the requisite notice. Having failed to do this, can he now complain of an injury brought on himself by his own neglect? We think not. We are also of the opinion that he has no right to prosecute the case here in order to collect an attorney's fee expended by him for making an answer in such an abortive proceeding.

In conclusion, we hold that the sheriff has no right to prosecute the case here either in behalf of himself or in behalf of those claimants to the fund who are in no wise bound by the judgment in the court below. Therefore the writ of error is dismissed.

*Writ of error dismissed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*