28364. CITY OF BRUNSWICK *v.* KING.

DECIDED MAY 19, 1941.

*Conyers, Gowen & Conyers, B. N. Nightingale,* for plaintiff in error. *Farr & Mitchell,* contra.

SUTTON, J. Mrs. Gertrude King filed a claim against the City of Brunswick and the County of Glynn, for compensation on ac-

count of the accidental death of her husband, Fletcher H. King. The evidence before the director of the Industrial Board was substantially as follows: The deceased was employed as a bridge tender on the Brunswick-Saint Simons highway. This bridge crossed the Back river, a navigable stream, and was erected with the consent of the United States Government with the understanding that provision would be made for keeping the stream navigable at the bridge by means of a draw or span in its center, which draw upon being opened would permit boats to pass through. The County of Glynn and the City of Brunswick exercised control of the highway and bridge in the following manner: The city through its manager supervised and maintained the bridge, but the tolls allowed to be charged were turned over to the county, which, after paying therefrom the expenses of operation of the bridge, divided with the city the net proceeds. In this way employees hired by the city in the maintenance of the bridge were paid at the office of the county commissioners and not directly by the city. This draw, about twenty feet wide, was operated by a lever in its center, and was so constructed as to be capable of being turned horizontally, the ends of the draw being equally distant from the center. In its turned position the draw left a clearance of about 108 feet on each of its sides, and its length was about 240 feet. The bridge-tender's duties consisted in opening and closing the draw. When closed, traffic was allowed to pass over the bridge from Brunswick to St. Simons Island; and when open, the navigation of the stream was unimpeded. Lights were placed at intervals along the bridge, but not at the end of the draw, although beneath the draw and at the bulkhead a light was maintained, and this aided a boat in traversing the stream at night and in avoiding contact with the piling of the bulkhead. In addition to opening and closing the draw it was the duty of the night tender to inspect the lights to see that they continued to burn, and it was the duty of the day tender to refill the lamps at regular intervals of three days. The light at or about the bulkhead could not be seen from the center of the draw, but could be observed from the end of the draw. It could not be reached when the draw was open, except by means of a ladder which extended down to the bulkhead, and to reach which it was not necessary or effectual to go to the end of the draw.

On a foggy morning on February 6, 1938, about six o'clock, the

deceased pulled the lever in the center of the draw and opened it to permit a boat to pass through. While the boat was entering the opening thus made, the deceased, rolling a cigarette, walked away from the center of the draw to its end, where from some unaccountable cause he fell from the draw to the water below, and was so severely injured that in a few days he died. The night tender, who had been relieved by the deceased, testified that he had strolled on the draw, and was ten to fourteen feet from the end of it when the deceased passed him while rolling the cigarette and without making any remark to him, and that the deceased continued on to the end of the draw and fell therefrom.

The director found, as facts, that the deceased was in the employment of the City of Brunswick at the time of his fall; that his injuries arose out of and in the course of his employment; and that the work performed by him was purely of a local nature, and not in aid of or incidental to navigation or maritime traffic. He decided adversely to the City of Brunswick other issues of fact hereinafter discussed. He found as a matter of law that the Industrial Board had exclusive jurisdiction of the claim, and rendered an award in favor of the claimant against the City of Brunswick, in whose employment the deceased was found exclusively to have been. On an appeal to the board by the city the findings of fact and of law and the award of the director were affirmed. The city appealed to the superior court, which affirmed in its entirety the award of the board. The case is before this court on exceptions by both the city and the county, assigning error on the grounds, that the Industrial Board acted without authority and in excess of its powers, in that it assumed jurisdiction of a matter which was within the exclusive jurisdiction of a court of admiralty; that the facts found by the board do not support the award; that there was not sufficient competent evidence to warrant the award; and that the award was contrary to law. Specifically it is contended, that the record shows that the deceased's injury did not arise out of and in the course of his employment as a bridge tender; that the injury occurred beyond the corporate limits of the city, and the city had no authority under its charter to employ the deceased to work at such place; that he was not the employee of the city; that compensation could not be calculated on the wage of $21 per week, which it is contended was paid jointly by the city and the county; that

the notice of the claim was not filed within six months, as required by the charter of the city; and that the admission in the claim that the deceased was the employee of both the city and the county is binding upon the claimant.

In this court the defendant in error filed a motion to dismiss the writ of error, on the grounds, that the bill of exceptions shows on its face that the judgment complained of was rendered against the City of Brunswick, and does not show any connection with said cause by the County of Glynn; that it shows on its face that the judgment was against the City of Brunswick, and not against the County of Glynn; that it shows on its face that the judgment complained of was rendered on an appeal by the County of Glynn and the City of Brunswick, whereas it appears from the record that the County of Glynn made no appeal and never appeared as a party; that it shows upon its face that the judgment of the superior court "illegally terminated the case against the plaintiffs in error," whereas the record shows that the County of Glynn was not a party and made no appeal. Other grounds were urged in support of the motion to dismiss; but, for reasons hereinafter shown as controlling the ruling on the motion, they need not be set forth. It is shown by the record, which controls as against recitals in the bill of exceptions, that the judgment of the director was rendered against only the City of Brunswick, and that only the City of Brunswick appealed to the board and thereafter to the superior court. Not being a party to the cause before the board and the superior court, the County of Glynn can not urge exceptions to the judgment rendered. *Lamar* v. *Lamar,* 118 *Ga.* 684 (45 S. E. 498); *Booth* v. *Saunders,* 128 *Ga.* 33 (57 S. E. 93); *Georgia Music Operators Asso.* v. *Fulton County,* 184 *Ga.* 348 (191 S. E. 117); *Sutherland* v. *Donovan,* 34 *Ga. App.* 643 (2) (130 S. E. 688); *Edwards* v. *Gabrels,* 42 *Ga. App.* 163 (155 S. E. 340). The City of Brunswick as a party was entitled to except to the judgment rendered against it in the superior court, and its right to have the judgment reviewed in this court can not be prejudiced by the unauthorized or ill-advised joining in the bill of exceptions by the County of Glynn. The recital and signature of the County of Glynn, through its counsel, as a party in the bill of exceptions is therefore treated as surplusage. The motion to dismiss the writ of error is without merit.

■ On the question of the right of the Industrial Board to entertain the claim, this court certified to the Supreme Court a question embodying a comprehensive statement of the facts of the record as to the circumstances under which the deceased was injured, assuming that jurisdiction otherwise existed. See *City of Brunswick* v. *King,* supra. In its answer to the question the Supreme Court ruled, which is now the law of this case: "Where it was the duty of an employee to operate a draw section of a street or highway bridge over a navigable stream, and on a particular occasion, after opening such draw section or span to permit a vessel to pass, the employee for some unaccountable reason fell to the water below, receiving injuries from which he died, the Industrial Board of this State has jurisdiction to determine a claim of the widow of such employee, based on the Georgia workmen's compensation statute,— assuming that such jurisdiction otherwise existed. Prima facie the deceased at the time of his death was not engaged in a maritime act, and jurisdiction was not vested in the Federal court." In other respects it is now held by this court that the Industrial Board had jurisdiction of the claim, for reasons hereinafter shown in connection with the discussion of various contentions made by the City of Brunswick. It is urged that the Industrial Board could not legally render an award against the City of Brunswick, for the reason that the claim was not filed within six months after the injury. The deceased was injured on February 6, 1938, and the claim was not filed until January 2, 1939; and it is contended that under § 5 of the act of February 11, 1937, amending the charter of the City of Brunswick (Ga. L. 1937, pp. 1517, 1520), the claim came too late. The statute provides that "No action for damages against the City of Brunswick of any character whatever, to either person or property, shall be instituted against said city unless, within six months after the happening or infliction of the injury complained of, the complainant, his executors or administrators, shall have given notice to the commissioners of the City of Brunswick of such injury in writing," etc. The present claim is in no sense an "action for damages against the City of Brunswick of any character whatever, to either person or property." It is well settled that State compensation acts are based on a theory of *compensation,* entirely distinct from the previously existing theories of damages at common law or by statute, arising out of a tort or

breach of contract; and a claim for compensation under the workmen's compensation act is not a claim for damages for injuries to person or property. 71 C. J. 225, 232. The Code, § 114-305, provides: "The right to compensation under this title shall be forever barred unless claim is filed with the Department of Industrial Relations within one year after the accident, and, if death results from the accident, unless a claim therefor is filed with the department within one year thereafter," etc. According to the record, the deceased died on February 12, 1938; and the claim having been filed on January 2, 1939, it was within the statutory requirement.

The contention that the City of Brunswick was without authority under its charter to employ the husband of the claimant as a bridge tender on the bridge over Back River, and therefore that the award by the Industrial Board is contrary to and unsupported by the law and the evidence, is without merit. Under the act of 1924 (Ga. L. 1924, pp. 459, 460, § 1), it is provided that the City of Brunswick shall have "the power to adopt an ordinance or ordinances regulating the use of that certain public highway running from said city to St. Simons Island, including that part of said highway which lies outside the corporate limits of said city as well as that which lies within said corporate limits." To make a highway from Brunswick to St. Simons Island it was necessary to cross Back River. The bridge along such highway over Back River, which connects the mainland with St. Simons Island, is necessarily a part of such highway. By the statute authority is conferred on the city to "regulate the use" of the highway from Brunswick to St. Simons Island, both within and without the boundary limits of the city. Back River, which constitutes one of the boundary lines of the city, is a navigable stream. Under the requirement of the Federal Government, before the bridge could be erected over such river it was necessary that it be constructed with a suitable and approved draw span. It necessarily follows that in order to properly and legally regulate the use of the highway from Brunswick to St. Simons Island, which regulation of use includes the bridge over the river, the City of Brunswick must employ sufficient persons to attend the bridge. Therefore the employment of the claimant's husband as a bridge tender on Back River bridge was

not an unauthorized act and not without the statutory and charter powers of the City of Brunswick.

The contention that the deceased was not solely the employee of the city is also without merit. The finding of the director that the husband of the claimant was solely employed by the city, and that he was not a joint employee of the county and the city, was not without evidence to support it, and was not contrary to law for any reason urged by the City of Brunswick. The director was authorized to find that the claimant's husband was employed by the city under its statutory power to regulate the use of the highway from Brunswick to St. Simons Island; that he looked solely to the city for his compensation of $21 per week, the amount it was admitted he received; and that he was not concerned with any arrangement between the city and the county relatively to the maintenance of the highway, the right to collect the tolls on that part of the highway within the city limits, and the reimbursement by the city to the county for the money expended by it in the construction of the highway and bridge. It appears that in some informal way the city allowed the county to receive the total amount of the tolls collected on the highway, but it appears that the wages of the deceased and all other expenses in operating the bridge were paid out of this fund; and while it also appears that the city allowed the county to retain one half of the profits, this practice is not sufficient to change the status of the deceased from that of a sole employee of the city.

It is further contended that the claimant is bound by her admission in her claim that the deceased was the joint employee of the city and the county. This notice was sufficient to the city as to any liability that might rest upon it by reason of the injury sustained by the employee; and it appears from the record that the claim was prosecuted before the Industrial Board with the City of Brunswick as the sole defendant, and the conception by the claimant as to joint employment of her husband, at the time of filing her claim, can not bar her right to an award, under the facts shown on the hearing, exclusively against the City of Brunswick.

Under the facts shown by the record the Industrial Board was authorized to find that the deceased, at the time of his injury, was engaged in the performance of his duties as a bridge tender, in that as a part of his duties he had opened and was keeping open, for the passage of a boat, the draw or span of a bridge over a navi-

gable stream. The fact that while so engaged he momentarily walked from the center of the span, while lighting a cigarette, would not demand, as contended by the plaintiff in error, a finding that he was then engaged on a mission of his own. The Industrial Board was authorized to find that the injury he sustained arose out of and in the course of his employment, and that such employment was solely with the City of Brunswick. Under the ruling of the Supreme Court, hereinbefore mentioned, he was not, in such circumstances, engaged in a maritime act, and the Industrial Board had jurisdiction of the widow's claim for compensation. The award by the board in favor of the claimant and against the City of Brunswick was authorized by the law and the evidence, and the judge of the superior court did not err in affirming, on appeal, the award of the board which affirmed the award of the director.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*