## 31107. KENNEY v. PITTS.

DECIDED JANUARY 11, 1946.   REHEARING DENIED FEBRUARY 8, 1946.

R. B. Pullen, for plaintiff in error.

Scott, Dunaway, Riley & Wiggins, James C. Howard, contra.

PARKER, J.   This is a dispossessory-warrant proceeding brought by Jeff S. Pitts against Frank M. Kenney.   The trial resulted in a verdict finding that the plaintiff was entitled to the possession of the premises, there being no issue as to rents.   A motion for a new trial, duly made by the defendant, was overruled by the presiding judge, and on appeal to the appellate division of the civil court of Fulton County that ruling was affirmed.   The exception here is to the final judgment of the lower court affirming the trial judge and denying the defendant's motion for a new trial.

The evidence shows that the plaintiff purchased the property about the middle of November, 1944, and within a day or two thereafter notified the defendant, who was renting by the month, that he wanted possession.   The parties agreed on November 17, 1944, that under the Office of Price Administration regulations the defendant had ninety days, or until February 17, 1945, in which to get out.   On that date the defendant, having been unable to find a place to which he could move, asked the plaintiff to wait two weeks more, until March 1, stating that he had no place to go, and the plaintiff agreed to do so.   On March 1 the plaintiff went to see the defendant and learned that he still had not found any place to go; but the defendant thought that he might find something in another week, and again requested the plaintiff to give him some additional time, offering to pay rent for the month of March.   Realizing the defendant's dilemma brought on by the housing shortage, the plaintiff accepted the rent for another month with the agreement that the defendant would get out in

some way on April 1. On March 12 the plaintiff wrote the defendant a letter as follows: "This is to advise you that I must have possession of the apartment you occupy, and which I own, on the first day of April, 1945. This is in accordance with your agreement. Unless you do give me possession of this property on April 1, 1945, I will immediately employ an attorney and take out a dispossessory warrant against you. I am giving you this additional notice in order to save you any additional expense or embarrassment."

The plaintiff testified, and all of the evidence tends to show, that the original notice given by the plaintiff to the defendant was not abandoned, and that the plaintiff was trying all the while to get possession of his property, and that he granted the urgent requests of the defendant for additional time as a matter of grace or as a mere indulgence to the defendant. The dispossessory warrant was issued April 4, four days after the expiration of the last month for which rent was paid.

■ It clearly appears that the plaintiff gave the defendant a notice to terminate the tenancy at will, as provided by the Code, § 61-105, on November 17, 1944. No other or additional notice to terminate the tenancy was necessary under the facts of this case. Although the plaintiff permitted the defendant to remain in possession of the premises for two additional periods—one for 2 weeks and one for 30 days—we think that these extensions were mere indulgences granted by the plaintiff to the defendant. Both extensions were at the urgent request and solicitation of the defendant, and they did not, in our opinion, have the effect of re-establishing a contract of tenancy at will between the parties so as to require another 60-days' notice to terminate it. Cf. *Arrington* v. *Turner*, 28 *Ga. App.* 270 (110 S. E. 747).

■ There is no merit in the contention of the defendant that no demand was made for possession of the premises before the warrant was issued. It is sufficient to say that a demand was alleged by the plaintiff, and was not denied in the counter-affidavit filed by the defendant, and therefore no issue was made as to the demand. See *Minor* v. *Sutton*, 73 *Ga. App.* 253 (36 S. E. 2d, 158), and citations.

■ It is not necessary to pass on the other assignments of error relating to the charge of the court. Under our view of the case,

the verdict for the plaintiff was demanded as a matter of law, and an error in the charge would not require a reversal where the evidence demanded the verdict as found by the jury.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*