35084. HOLLAND, Administrator, *v.* FROKLIS *et al.*

TOWNSEND, J. 1. One not a party to a proceeding in the trial courts of this State, and not a party to the judgment entered therein, cannot, in this court, prosecute a writ of error based on such judgment. *Edwards v. Gabrells,* 42 *Ga. App.* 163 (155 S. E. 340); *Booth* v. *Saunders,* 128 *Ga.* 33 (57 S. E. 93); *Central R. & Bkg. Co.* v. *Craig,* 59 *Ga.* 185.

2. Upon the return of appraisers acting by virtue of an order of the court of ordinary on application of the widow of an intestate for year's support, citation issues and notice of the same is published, and any person objecting to the allowance of the year's support in the amount of the return may file his objections thereto. Code § 113-1005. Objections must be filed at or before the term to which the citation is returnable. *Howell* v. *Howell,* 190 *Ga.* 371, 374 (9 S. E. 2d 149). No other service is necessary, except that, if any administrator has been appointed, notice of the intention to make such application must be given to such administrator. Code § 113-1002.

3. An administrator, although a proper party (see *Hall* v. *First National Bank of Atlanta,* 85 *Ga. App.* 498 (1), 69 S. E. 2d 679) is not a necessary party to the issue formed by the caveat of a year's support. *Wardlaw* v. *Wardlaw,* 41 *Ga. App.* 538 (7) (154 S. E. 159); *Calhoun National Bank* v. *Slagle,* 53 *Ga. App.* 553, 555 (186 S. E. 445). Anything to the contrary in McElmurray *v.* Loomis, 31 Fed. 395, must yield, as to cases tried in the State courts of Georgia, to the decisions of the appellate courts of Georgia. The McElmurray case, holding that as to the removal of causes from a State to a Federal court, the issue of diversity of citizenship would be decided against the non-resident creditor where the administrator of the estate, as well as the applicant for year's support, were both citizens of Georgia, is further distinguished by the fact that in that case it appeared that notice was given the administrator of intention to apply for year's support, which notice was construed to be service upon him. In this case, no notice was given the administrator of the intention to apply to the ordinary for year's support, no objection was made on the ground of notice, and the record here does not reveal whether the administrator was appointed before or after such application was made. It follows, therefore, that the administrator did not become a party to this issue by operation of law, and, having failed to file his objections within the time prescribed by law or to take any other possible affirmative action which would result in his becoming a party to the cause, he was not a party to the judgment rendered in the superior court on appeal. In this connection see *Dupree* v. *Drake,* 94 *Ga.* 456 (19 S. E. 242); *Sutherland* v. *Donovan,* 34 *Ga. App.* 643 (2) (130 S. E. 688).

4. Where, as here, proceedings to set aside a year's support to a widow from the estate of her deceased intestate husband were instituted in the court of ordinary, and thereafter caveats were filed separately by two creditors of the estate; the judgment of the ordinary in a sum less than the amount set aside by appraisers was entered as year's support; subsequently both creditors and the widow filed separate appeals to the superior court; the case came on for trial before a jury; the caveators then announced that they were willing to withdraw their objections and

to consent to a judgment in the amount awarded by the appraisers, and both caveators and the widow consented to such verdict and judgment, it was a judgment to which the administrator, who had not previously appeared in the case, was a stranger, so as to preclude him from suing out a bill of exceptions to this court assigning error thereon.

Accordingly, the motion to dismiss the bill of exceptions filed by the defendants in error is sustained and the writ of error must be

*Dismissed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED MARCH 11, 1954.

*Haas, Holland & Blackshear, M. H. Blackshear, Jr.,* for plaintiff in error.

*Smith, Field, Doremus & Ringel, Alex W. Smith, Jr., I. A. Blanch, Phillips, Johnson & Williams,* contra.