19061. Miron Motel, Inc., *et al.* v. Smith.

Head, Justice. 1. In a dispossessory proceeding under the Code, Ch. 61-3, the issue is tenancy or no tenancy. *Brown* v. *Persons,* 48 *Ga.* 60; *Watson* v. *Toliver,* 103 *Ga.* 123 (29 S. E. 614); *Henry* v. *Perry,* 110 *Ga.* 630 (36

S. E. 87); *Patrick* v. *Cobb*, 122 *Ga.* 80 (49 S. E. 806); *Arnold* v. *Water Power &c. Co.*, 147 *Ga.* 91 (92 S. E. 889); *Anderson* v. *Watkins*, 170 *Ga.* 483 (153 S. E. 8).

(a) When an interest in land is divested under the powers of sale in a deed to secure debt, the occupant of the land becomes a tenant at sufferance. *Redwine* v. *Frizzell*, 184 *Ga.* 230, 235 (190 S. E. 789).

(b) "Where a summary proceeding is instituted under Code § 61-301 et seq., to evict a tenant holding over, the tenant has an adequate remedy under the Code by counter-affidavit and giving bond as provided by the statute. The mere fact that, owing to the tenant's poverty, he is unable to give the bond, affords him no ground to go into a court of equity and enjoin the plaintiff in such proceeding from pursuing his summary remedy." *Reardon* v. *Bland*, 206 *Ga.* 633, 639 (3) (58 S. E. 2d 377), and cases cited.

2. The petition nowhere alleges the amount of principal and interest due at the time the deed to secure debt was foreclosed. Herman J. Smith is not a party defendant in the suit, and the petition does not allege that he was agent for the defendant, or authorized to act for her. The allegations of the petition are insufficient to show that the alleged parol contract to extend the due date was such a contract as in good conscience should be performed. "Specific performance is an equitable remedy and one which can not be demanded as a matter of absolute right merely by virtue of proving an agreement. It must be made to appear that the contract is fair, equitable, and just." *Morgan* v. *Mitchell*, 209 *Ga.* 348, 352 (72 S. E. 2d 310), and cases cited.

3. The powers of sale in a deed to secure debt are matters of contract and will be enforced as written. *Plainville Brick Co.* v. *Williams*, 170 *Ga.* 75 (152 S. E. 85). "Under the codified long-recognized maxim that 'he who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject matter of the suit' (Code, § 37-104), a borrower who has executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power in the deed, unless he first pays or tenders to the creditor the amount admittedly due." *Oliver* v. *Slack*, 192 *Ga.* 7 (14 S. E. 2d 593), and cases cited.

4. The petitioners seek to cancel a quitclaim deed from J. D. Tindall to the defendant, Mrs. Florence E. Smith. J. D. Tindall, the grantor in the quitclaim deed, is not named as a party defendant. "In all actions to cancel deeds to land, the grantor and grantee therein are necessary parties." *Rylee* v. *Abernathy*, 210 *Ga.* 673, 674 (82 S. E. 2d 220), and cases cited.

5. Under the foregoing rules, the trial judge did not err in sustaining the general demurrers and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1955—DECIDED OCTOBER 10, 1955.

*J. C. Bowden*, for plaintiff in error.
*Claud M. Hicks*, contra.