562

## 36448. BOARD OF ROAD & REVENUE COMMISSIONERS OF CANDLER COUNTY v. COLLINS.

TOWNSEND, J. 1. In every suit there must be a legal entity as the real plaintiff, either a natural or artificial person, or a quasi-artificial person, such as a partnership; and where a suit is brought in a name which is neither, it is a nullity, and there is nothing to amend by. The designation of a party plaintiff as "Board of Road and Revenue Commissioners of Candler County, Georgia" falls within the above ruling. *Smith* v. *Commissioners of Roads and Revenue of Glynn County*, 198 *Ga.* 322 (1) (31 S. E. 2d 648).

2. "A party plaintiff in error is essential to the prosecution of a writ of error, and where no one is named or otherwise disclosed by the bill of exceptions as plaintiff in error, the writ of error will be dismissed. This defect in the bill of exceptions is not amendable by the record in this court, as, without a plaintiff in error, there is no case." *Branch* v. *Mallory*, 8 *Ga. App.* 797 (70 S. E. 177). See also *Hendricks* v. *Rogers*, 22 *Ga. App.* 357 (95 S. E. 1009); *Swift* v. *Thomas*, 101 *Ga.* 89 (2) (28 S. E. 618). The bill of exceptions here states merely: "The employer, Board of Road and Revenue Commissioners of Candler County, Georgia, names itself plaintiff in error." Accordingly, since no legal entity is designated as plaintiff in error, there is no valid bill of exceptions.

3. However, even if this were not true, a dismissal would also be necessary because of the lack of a necessary party, Candler County, the legal entity specified in the workmen's compensation claim and stipulated by the evidence to be the employer. The sole assignment of error relates to the denying of a motion to dismiss the claim by the hearing director, affirmed on appeal to the Superior Court of Candler County, which motion was on the ground that Candler County is not an employer within the meaning of the Workmen's Compensation Act. "An action or proceeding by named persons as commissioners of roads and revenues is not an action by the county. *Bennett* v. *Walker*, 64 *Ga.* 326; *Arnett* v. *Board of Commissioners*, 75 *Ga.* 782; *Jackson* v. *Dougherty County*, 99 *Ga.* 185 (25 S. E. 625)." *Humber* v. *Dixon*, 147 *Ga.* 480, 482 (94 S. E. 565). Neither the county nor the persons comprising the board of road and revenue commissioners are named in the bill of exceptions, and it is for this reason also subject to dismissal. *Coleman* v. *Board of Education of Emanuel County*, 136 *Ga.* 844, (72 S. E. 159).

    *Writ of error dismissed. Gardner, P. J., and Carlisle, J., concur.*

    DECIDED NOVEMBER 15, 1956.

*Anderson & Trapnell*, for plaintiff in error.

*George P. Dillard, W. Dan Greer*, for party at interest not party to record.

*Wm. T. Darby, Nat O. Carter*, contra.