## 47804. JOHNSON et al. v. FREEDMAN.

HALL, Presiding Judge. Defendants appeal from the judgment issuing a writ of possession in a proceeding against tenant holding over and from the denial of their motion for a new trial.

Defendants are the heirs, including the administratrix, of the late Jack Shelton, all of whom live in his former residence. The evidence disclosed that regular monthly payments were made by the administratrix to a company she believed to be holding the sole mortgage made by Shelton on the property. Plaintiff filed this summary proceeding, alleging that he was the owner of the property, that the defendants were tenants at sufferance, and that he had demanded and been refused possession. The defendants answered by

denying both the tenancy and plaintiff's ownership. At the hearing plaintiff introduced documents showing: that Jack Shelton had apparently signed a retail instalment contract with Continental Associates for home improvements (valued at $3,350); had executed a promissory note for $5,407 for the work to be done under the contract; had executed a deed to secure debt on his property to Continental Associates as security for the note; and that Continental Associates foreclosed and sold the property for $500 at public outcry on the courthouse steps to the sole bidder—the plaintiff here—who also happens to be the president of Continental Associates and who conducted the sale.

Two of the defendants testified that the signatures on the documents were not those of Jack Shelton. The administratrix testified that she had never been asked to move by the plaintiff or anyone else and that she did not know that the plaintiff claimed ownership of the property. The plaintiff, who was a witness for the purpose of authenticating the documents, gave no testimony concerning any demands, conversations or dealings of any nature with the defendants. The sole evidence on the issues of both tenancy and demand for possession are statements in the documents and the following testimony of the administratrix: "Q. Has Mr. Freedman ever contacted you wanting you to pay him any money? A. Yes, he asked me one time was I going to pay him any money and I told him no. I didn't owe him nothing. Q. Has he ever produced anything to show you you owed him some money? A. No, Sir."

The trial judge, who also sat as fact finder, correctly assumed that title is not at issue in this type of dispossessory proceeding. The major issue is tenancy vel non. *Jordan v. Jordan,* 103 Ga. 482 (30 SE 265). However, tenancy is not established by the mere showing of ownership in one person and possession in another. The classical test was whether the alleged

tenant had ever attorned to a person, i.e., by some act had recognized that person's status as his landlord. *Bullard v. Hudson,* 125 Ga. 393 (54 SE 132). In this case, there is undisputed evidence that the defendants did not attorn to plaintiff—just the opposite, in fact. However, they are foreclosed from this defense by a statement in the deed to secure debt which provides that upon a default and a sale under power, the grantor (and, of course, his heirs, successors, assigns, etc.) shall become a tenant holding over who may be summarily dispossessed.

The other issue here is whether plaintiff had demanded and been refused possession. This proceeding was instituted in the typical way by plaintiff's attorney filling in the blanks of a pre-printed, standard form affidavit which states that plaintiff has demanded and been refused. The sworn allegation of demand was not denied by the defendants' answers. No further proof of demand was therefore required and the fact finder was authorized to consider and believe the affidavit. *Kenney v. Pitts,* 73 Ga. App. 450 (36 SE2d 820).

*Judgment affirmed. Evans and Clark, JJ., concur.*

ARGUED JANUARY 8, 1973 — DECIDED MARCH 13, 1973.

*W. P. Tapp,* for appellants.

*Arnall, Golden & Gregory, Thomas R. Todd, Jr.,* for appellee.