## 52782. TOWNSEND et al. v. CAIN.

QUILLIAN, Presiding Judge.

The appellants brought an appeal from the Probate Court of Walker County to the Walker Superior Court alleging the invalidity of the probate court's judgment appointing the appellee guardian of property in Walker County of an alleged nonresident mentally ill person. It was contended that the proceedings for appointment of a guardian were not carried out in accordance with Code Ann. § 49-604 (Ga. L. 1950, pp. 14, 15; 1963, p. 526; 1964, pp. 499, 660; 1969, pp. 505, 541; 1971, p. 790; 1971, pp. 809, 810; 1973, p. 610; 1973, pp. 827, 828; 1974, pp. 472, 473 (1976, pp. 1156, 1157, effective July 1, 1976)) mandating service on the alleged incompetent; that there was no service upon the representative of the incompetent as required by Code Ann. § 88-507.3 (a) (Ga. L. 1968, pp. 505, 532); further that the physician's affidavit required by Code Ann. § 49-604 (a) (3) was absent and no hearing was conducted under Code Ann. § 49-604 to determine whether the alleged insane person was capable of managing his estate.

Insofar as the record reveals, the appellants filed no pleadings in the probate court. Indeed, in the appeal it is stated that they tendered a caveat which the probate court refused to accept.

The trial judge dismissed the appeal and we now consider the correctness of his order. *Held:*

This case is controlled by the decision in *Sutherland v. Donovan,* 34 Ga. App. 643, 644 (2) (130 SE 688), wherein this court pointed out: "No one has a right to appeal except parties to the case in which the appeal is entered. *Dupree v. Drake,* 94 Ga. 456 (19 SE 242); *Arnold v. Water Power & Mining Co.,* 147 Ga. 91 (92 SE 889). While an appeal may be taken from a judgment allowing a year's support, by a person who has filed objections, even though they are subsequently disallowed or stricken, yet where a person appears and merely tenders a demurrer to the application, and merely offers to file objections to the return of the appraisers, and the ordinary refuses to hear or consider such demurrer and objections, or even to allow them filed, and they are never filed, the person tendering

them does not become a party to the proceedings, and can not appeal from the judgment admitting the return to record." Since the appellants here never became parties in the proceeding before the probate court, they were properly dismissed on appeal. See *Riley v. Bank of Jersey,* 43 Ga. App. 836, 837 (160 SE 540); *City of Brunswick v. King,* 65 Ga. App. 44, 47 (14 SE2d 760); *Holland v. Froklis,* 89 Ga. App. 768 (81 SE2d 317).

In making this ruling, we express no opinion as to the validity of the guardian's appointment. See, however, *Milam v. Terrell,* 214 Ga. 199, 202-204 (104 SE2d 219).

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED OCTOBER 12, 1976 — DECIDED OCTOBER 28, 1976.

*Flournoy & Still, Frank W. Virgin,* for appellants.
*A. W. Cain, Jr., William M. Campbell,* for appellee.