No. 67.—WILLIAM MITCHELL, plaintiff in error, *vs.* LEWIS PYRON, defendant in error.

[1.] Service in the Ecclesiastical Courts of England, or the Court of Ordinary in our State, is perfected on kindred and creditors by citation.

[2.] Any creditor thus served, becomes a party to the proceeding, and if he be dissatisfied with the appointment of an administrator by the Ordinary, whether he objects in Court or not, he may appeal within the time prescribed by law.

Motion to dismiss an appeal, in Troup Superior Court. Decision by Judge O. WARNER, August Term, 1854.

William Mitchell applied for and obtained letters of administration on the estate of Jacob Striman, deceased, no objections being made or filed thereto. Within four days, Lewis Pyron, alleging himself to be the principal creditor of Striman, appealed from the order appointing Mitchell, and in the Appellate Court, filed his caveat to the appointment. Counsel for Mitchell moved to dismiss the appeal—

1st. Because Pyron filed no objection in the Ordinary Court.

2d. Because there was no issue in that Court, and Pyron was no party there; and there was no error committed by the Ordinary.

The Court refused the motion, and this decision is assigned as error.

B. H. HILL; E. Y. HILL; KNIGHT & ADAMS, for plaintiff in error.

O. WARNER, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The same strictness, as to matters of service and pleading, which is required in cases at Common Law, is not observed in the Ecclesiastical Courts or in our Courts of Ordinary, which derives its practice, in this regard, from the Ecclesiastical Courts of England. Accordingly, service is perfected on kindred and creditors, in these Courts, by citation. (1 *Bro. Civ. L.* 453, 454. 4 *Co.* 29, *a.* 7 *Co.* 42, *b.* *Bac. Abr. Tit. Ecc. C.* (*E.*) *Roll. Abr. S.* 30.)

[2.] It is not denied that the citation in this case was regular. If it were, and Pyron was a creditor, (as is alleged) he was sufficiently served, and must be regarded as a party to the proceeding. That he was a creditor, may be said to be shown by the allegations which were not traversed; and which, for the purposes of this motion to dismiss, must be held to be admitted.

Under these circumstances, he would certainly have been concluded by the appointment, if there had been no appeal. If so, he was a party to the proceeding, whether he made objection to the proceeding before the Ordinary or not, and had a right to appeal, within the time prescribed by law, if dissatisfied with the Ordinary's decision in making the appointment. (1 *Greenlf. Ev.* 523.)

Judgment affirmed.