SWIFT *et al. v.* THOMAS *et al.,* executors.

THOMAS *et al. v.* HARRIS *et al.*

1. Where a will is offered for probate, and the persons named as heirs at law are notified of the proceeding, only those who appear and contest by caveat the probate of the will are authorized to complain of a judgment setting up the will, and where upon appeal a verdict is rendered in the superior court in favor of the propounders, the right to prosecute a writ of error to this court is confined to those of the heirs at law who were the caveators to the probate of the will; and hence, where a writ of error is sued out in the name of one only of the heirs at law, who, though notified of the proceeding, did not caveat or participate in the subsequent proceeding, it will be dismissed in this court for the want of a proper party plaintiff in error.

2. The naming as a plaintiff in error of one person who is rightfully entitled to except will authorize the amendment of the bill of exceptions, by inserting as plaintiffs in error the names of other persons entitled to except, and who may be included within the meaning of some general term employed in the bill of exceptions which would comprehend them as a class, and by which it is sought to describe them; but where the bill of exceptions does not disclose that any person excepts to the judgment who is entitled to do so, the mere reference under some general title, as "et al.," "and other caveators," to others who may be so entitled, will not suffice. There being no exception by any named person who, according to the record, was entitled to except, there was nothing upon which an amendment could be engrafted setting out what persons the words "et al.," "and other caveators," were intended to designate.

Argued April 14-15, — Decided May 7, 1897.

Practice in Supreme Court.

*Lumpkin & Burnett, J. H. Guerry* and *S. H. Sibley,* for Swift et al.

*Erwin & Erwin* and *N. J. & T. A. Hammond,* contra.

ATKINSON, J. In the bill of exceptions, the case is entitled thus: "Mrs. M. A. Swift et al., caveators, plaintiffs in error, *v.* W. W. Thomas and Arthur E. Griffeth, propounders, defendants in error"; and it is stated that "the above stated case" came on to be tried at the April term, 1896, of the superior court of Clarke county, and on the 29th of April, 1896, "the same being a caveat to the probate of the will of Y. L. G. Harris; it having been regularly appealed according to law from the court of ordinary of Clarke county"; also that "said M. A. Swift and each and all of the other caveators present this their bill of ex-

ceptions," etc.   Mrs. Swift is the only plaintiff in error whose name appears in the bill of exceptions.   The bill of exceptions specifies as parts of the record to be sent to this court, the petition offering the will for probate, and " the caveat of plaintiffs " thereto, etc. ; and in the transcript of the record is a petition to the court of ordinary of Clarke county by W. W. Thomas and A. E. Griffeth as executors, for the probate of the paper offered by them as the last will of Young L. G. Harris, to which petition Mrs. Mary A. Swift, as an heir at law of the testator, is made a party, together with other persons named as heirs at law ; also a caveat thereto, filed in the court of ordinary June 3, 1895, by C. M. Harris and other heirs at law ; but in this caveat, and in the appeal from the judgment of the ordinary admitting the will to probate, Mrs. M. A. Swift is not named as a caveator ; nor does her name appear in the record as such until it appears in the heading of a paper filed in the superior court April 29, 1896, which purports to be an amendment to a caveat theretofore filed in the case of " W. W. Thomas and Arthur E. Griffeth, executors, etc., propounders, *v.* M. A. Swift et al., caveators."   This is followed by an amendment filed in the superior court May 1, 1896, and marked " second amendment to caveat "; which amendment purports to be made in the case of " Thomas et al., executors, *v.* Swift et al., caveators."   The motion for a new trial and orders of the court in relation thereto purport to be made in the case of " W. W. Thomas and A. E. Griffeth, propounders, *v.* M. A. Swift et al., caveators."

The cross-bill of exceptions states that Mrs. M. A. Swift was not a caveator ; and the case is therein referred to as " the case of W. W. Thomas and Arthur E. Griffeth *v.* C. M. Harris et al., caveators, which case is stated in what purports to be the original bill of exceptions, now pending in the Supreme Court, as ' Mrs. M. A. Swift et al., caveators, plaintiffs in error, *v.* W. W. Thomas and Arthur E. Griffeth, propounders, defendants in error,' and to which this paper is intended to be a cross-bill of exceptions."   The cross-bill further states : " It is contended that what purports to be the original bill of exceptions is not a legal bill of exceptions in said case, and this bill is filed reserving to the plaintiffs in error herein all rights they may have to

move to dismiss said original bill of exceptions upon any grounds that may appear upon the face thereof or otherwise."

A motion was made to dismiss the writ of error, upon the ground that there was no party plaintiff in error named in the bill of exceptions, who was entitled to prosecute a writ of error from the judgment complained of; and we will now proceed to inquire whether this motion should prevail.

1. It will be seen from the foregoing statement of the record, that the only person who was named as the responsible party plaintiff in error prosecuting the writ of error to this court was Mrs. M. A. Swift. It will be accepted as elementary, that no person is entitled to prosecute a writ of error for the reversal of a judgment, unless that person was a party to the proceeding in which the judgment complained of was rendered. In response to the notice served upon her at the instance of the propounders of the will, Mrs. M. A. Swift filed no objections to its probate. She neither appeared in the court of ordinary to contest the right of the executors to have the paper proved as the last will and testament of the testator, nor did she take any part in the proceedings by which an appeal was entered from the judgment admitting this document to probate. Upon the trial in the superior court, she neither appeared nor was represented by counsel; therefore, she did not become, by any act of hers, or, so far as the record discloses, by the act of any person authorized to speak or act for or on behalf of her, a party to the contest which culminated in a verdict that the will offered was the last will and testament of the testator, and to set aside which verdict the writ of error is prosecuted to this court in the present case. The mere notice of an intention upon the part of the executors to offer for probate the will in question did not, of itself, make her a party either to that proceeding or to any other subsequent proceeding which might have sprung out of it. It merely afforded to her the opportunity of becoming a party to this litigation. This she declined to do by failing to file a caveat, and thus she passed out of the case as effectually as though she had never been introduced into it. Having passed out as a formal party at that time, and taking no steps subsequently to introduce herself as a substantial party, no

judgment was ever rendered in any of the subsequent proceedings of which she, as an individual, had a right to complain. It is true that in the subsequent proceedings her name appears to have been used by some of the caveators who were engaged in resisting the probate of this will. By what authority, it does not appear. Certainly not by authority of the law; for inasmuch as she was not a caveator, she had no authority to object, and no other person had the right to object for her or in her name. In so far then as her name may be relied upon to sustain this writ of error, we may treat it as entirely without support. The question is, whether the words " et al.," " and other caveators," used in connection with the name of Mrs. M. A. Swift, give to the complaining heirs at law such a standing in this court as will serve to support the writ of error sued out in this case. This court early held that the use of the words above quoted, as applied to defendants in error other than those specifically named, were entirely without significance, and did not serve to identify the persons intended to be named as parties defendant to a writ of error. See the case of *Beall* v. *Surviving Executors of Fox,* 4 *Ga.* 403. And the doctrine of this case was reaffirmed and again applied in the case of *Cameron* v. *Sheppard,* 71 *Ga.* 781. The principle of that decision has like application to parties plaintiff in error. The ground upon which it rests is, that this court will not proceed to judgment against a party whose identity is undisclosed upon the face of the record; and with equal reason it should decline to proceed to judgment in favor of plaintiffs in error whose identity is likewise undisclosed. As we have seen, Mrs. Swift was not entitled to prosecute the writ of error. We then inquire, who are the plaintiffs in error? Who are the persons suing out the writ of error? In whose favor would a judgment of reversal operate in the event this court should set aside the judgment of the court below? The descriptive terms " et al.," " and other caveators," do not and can not serve to identify those persons who would be the particular beneficiaries of a judgment of reversal. There were numbers of persons embraced within these general descriptive terms, each of whom was entitled, on his or her own behalf, to prosecute to this court a writ of error. How many and which of them, speaking from

the record, are embraced within these general terms? An answer to this query is impossible. In the event of a judgment of affirmance, against whom would the costs of this proceeding be taxable? The record not identifying by name or by reference to any description which is capable of individual application, it is impossible to say.

2. In reply to the motion to dismiss the writ of error, a motion was made to amend it by the insertion of the names of certain of the caveators as parties plaintiff in error. An objection was made to the allowance of this amendment, upon the ground that there was nothing to amend by. As we have hereinbefore undertaken to show, there was, in the first instance, no legal party plaintiff to the original bill of exceptions. If this were true, then there is nothing upon which an amendment can be engrafted. There is nothing to amend by; and while it will be admitted that new parties plaintiff in error may be added in this court by way of amendment where there is a sustantive party plaintiff in error, yet this right of amendment does not and can not be held to extend to the introduction of parties to a bill of exceptions where none existed in the first instance.

We have sought diligently to find a precedent for such a proceeding in the numerous cases involving questions somewhat akin to this, which have been adjudicated in this court, but we have been enabled to find no warrant or authority of law for such a proceeding. Treating bills of exceptions and writs of error to this court as being amendable according to the same liberal rules which apply to pleadings in other courts, we are unable to sustain upon reason or authority the bill of exceptions in this case; for in no court is it competent to support an action by the introduction of a plaintiff where none existed at the time of the institution of the action. Such actions abate when the attention of the court is directed to the absence or non-existence of a party plaintiff, and such defects are not in those courts curable by amendment.

In the present case we are unable, either from the bill of exceptions or the record, to find any trace of a plaintiff in error authorized to prosecute this writ of error who is capable of individual identification, and this being true, it follows that

there is no plaintiff in error in the record, and the writ of error is accordingly

*Dismissed.  All concurring, except Cobb, J., disqualified.*