UNDERWOOD *et al. v.* STANFORD, administrator, *et al.*

An administrator filed a petition in the court of ordinary, alleging in substance as follows: More than a year had elapsed from the grant of letters of administration. The administrator had reduced the estate to cash, paid the debts, and had remaining in his hands a sum of money to be paid to the heirs of the decedent. The heirs were unknown to him, persons asserting themselves to be heirs were claiming adversely to each other, and their claims were confusing and conflicting. In order to ascertain who were the heirs of the decedent and to distribute the estate in accordance with law, he prayed that an accounting might be had, and a citation directed to all of the distributees of the estate be issued. An order was passed directing the issuing and publication of the citation prayed. At the term to which the citation was returnable a judgment was rendered, which recited that the matter came on regularly to be heard; that the sum in the hands of the administrator was claimed by one McKibben as the lawful son and heir of the decedent (whose name was Underwood) "and by William Underwood and others, as brother and nephew and nieces" of the decedent; and that after hearing evidence McKibben was adjudged to be the only lawful heir and entitled to the entire estate. On the same day an agreement was signed by attorneys for McKibben, "claimant," and attorneys "for administrator and adverse claimants," reciting that evidence had been taken by depositions in the case before the ordinary, and agreeing that such depositions might be used on any appeal trial. Still on the same day an appeal was entered by one William H. Underwood and others, whose names were signed by one of the same attorneys who signed the above-recited agreement. The statement of the case at the head of the appeal described McKibben as "claimant" and William H. Underwood and the other appellants as "claimants adverse to" him. *Held,* that it was error for the judge of the superior court to dismiss such appeal on the ground that it appeared to be entered by mere strangers to the case, and that it was a nullity.

APRIL 15, 1915.

Citation—appeal. Before Judge Gilbert. Harris superior court. March 14, 1914.

John M. Hudson, as administrator of J. F. Underwood, deceased, filed his petition in the court of ordinary, alleging, that more than a year had expired since the grant of letters of administration to him; that he had sold the property of the estate, paid all of the debts, and had left in his hands ready for distribution to the heirs $1,633.69; that the heirs of the estate were unknown to him, and persons claiming to be heirs of said J. F. Underwood were claiming adversely to each other, and their claims were confusing and conflicting; and that in order to ascertain who were the heirs, and to distribute the estate in accordance with law, he prayed that a settle-

ment of his accounts as administrator be had, that citation issue, "directed to all the distributees of the estate of J. F. Underwood, late of said county, deceased, requiring them to be then and there present, either in person or by attorney, to show to the court what portion of the funds now in the hands of the said administrator they all and singular claim they are entitled to receive as an heir and distributee of said estate, to establish their said claim or claims, and to receive payment thereof from the administrator of said estate, so that your petitioner may make a full and complete settlement of the estate of J. F. Underwood in his hands as administrator, as said court will then and there make an account of the said estate in the hands of petitioner as administrator." The ordinary ordered that a citation should issue to all of the heirs and distributees of the estate, requiring them to appear at a named term of court to make a full settlement with the administrator, and that the citation should be published in the official organ of the county once a week for four weeks. At the term to which the citation was returnable a judgment was entered, which contained the following: "The above-stated matter coming on regularly to be heard, and the administrator reporting that he had in his hands for distribution to the legal heir or heirs of J. F. Underwood the sum of sixteen hundred and thirty-three and 69/100 dollars, and that same was claimed by Lucien McKibben, as the lawful son of J. F. Underwood, and by William Underwood and others, as brother and nephew and nieces of said J. F. Underwood: After hearing evidence it is considered, ordered, and adjudged that Lucien McKibben is the lawful heir and only heir of J. F. Underwood, and as such is entitled to inherit his entire estate. It is further ordered that J. M. Hudson, administrator of J. F. Underwood, pay to Lucien McKibben the said sum of $1,633.69, less costs that may be a legitimate charge on said fund." On the same day on which this judgment bears date (but whether before or after it was rendered does not appear) a written agreement was made which recited that it was "agreed between counsel for the claimants to the estate of J. F. Underwood, deceased, that the evidence taken by depositions might be read in any appeal as fully as though such depositions were taken after such appeal had been entered." This agreement was signed by "E. M. Smith and McLaughlin & Shanks, attorneys for McKibben, claimant," and by "L. L. Stanford and

A. L. Hardy, attorneys for administrator and adverse claimants."
It was filed in the office of the ordinary. On the same day on
which the judgment was rendered an appeal was entered to the su-
perior court. The caption of the entry of appeal stated the case
as follows: "In re John M. Hudson, administrator of estate of
J. F. Underwood. Citation before the ordinary to heirs for a set-
tlement. Lucien McKibben, claimant, and William H. Underwood,
Marietta Dick, Emma J. Rawls, J. T. Parker, Mrs. Eliza Miller,
Mrs. Martha Carney, Mrs. Elizabeth Braddy, claimants adverse to
Lucien McKibben. In Harris County Court of Ordinary. De-
cember Term. Trial and judgment in favor of Lucien McKibben."
It was then stated that the parties mentioned in the caption as
adverse claimants (restating their names), being dissatisfied with
the judgment, entered an appeal and gave a named person as surety.
The names of the appellants were signed to the appeal by one of
the attorneys who signed the agreement in regard to the use of the
depositions on an appeal. This was approved by the ordinary, and
the appeal was transmitted to the superior court, where the appeal
bond was allowed to be amended.

On motion the presiding judge dismissed the appeal, holding
that it did not appear in the pleadings, or even in the appeal and
bond, that the appellants were heirs or were parties to the issue in
the court of ordinary, or that they had been served by citation, and
therefore that the appeal was a mere nullity. The appellants ex-
cepted. In this court it appeared that Hudson, the administrator,
had died, and that L. L. Stanford had been appointed temporary
administrator of the estate, and he was made a party in lieu of the
deceased administrator.

*L. L. Stanford* and *A. L. Hardy,* for plaintiffs in error.
*McLaughlin & Shanks* and *E. M. Smith,* contra.

LUMPKIN, J. (After stating the foregoing facts.) By the Civil
Code (1910), § 4812, it is declared that every application to the
ordinary for the granting of any order shall be by petition in writ-
ing, and that if notice of such application, other than by published
citation, is necessary under the law or in the judgment of the ordi-
nary, he shall cause a copy of such application, together with a
notice of the time of hearing, to be served by the sheriff or some
lawful officer. In *Mitchell* v. *Pyron,* 17 *Ga.* 416, an application
was made for the grant of letters of administration on the estate of

a decedent. No objections were made or filed thereto. Within four days after the grant of the letters a certain person, alleging himself to be the principal creditor of the decedent, appealed from the order granting the letters to the applicant. A motion was made to dismiss the appeal, because the appellant had filed no objections in the court of ordinary, and because there was no issue in that court, and the appellant was no party there. The motion was overruled, and the case was brought to this court, where the judgment was affirmed. In the opinion it was stated, that it was not denied that the citation was regular; that if the applicant was a creditor, as was alleged, he was sufficiently served, and would have to be regarded as a party to the proceeding; and that the allegation that he was a creditor was untraversed, and would be treated as true for the purpose of the motion to dismiss. This decision was rendered in 1855, before the adoption of the original code, but is in harmony with the provision of the code above cited. In *Brantley* v. *Greer*, 71 *Ga.* 11, it was held that where a proceeding originates in the court of ordinary, and calls upon an executor or an administrator to account, a citation is all the pleading that is necessary. *Lyons* v. *Armstrong*, 142 *Ga.* 257 (3), 260 (82 S. E. 651). The same code section which provides that any person interested as distributee or legatee may cite the administrator to appear before the ordinary for a settlement of his accounts also provides that the administrator, if he so chooses, may cite all of the distributees to be present at the settlement of his accounts by the ordinary. § 4073.

In the instant case the administrator desired to have a full settlement of his accounts, alleging that the debts were paid, and the estate reduced to cash, which was ready for distribution. He further alleged that the heirs were unknown to him, that persons asserting themselves to be heirs of the decedent were claiming adversely to each other, and that their claims were confusing and conflicting. The ordinary ordered a citation to issue and to be published. At the term of the court of ordinary to which the citation was returnable a judgment was entered which recited that the fund in the hands of the administrator was claimed by one Lucien McKibben, as the lawful son of J. F. Underwood, the decedent, and by William Underwood and others, as brother and nephew and nieces of the decedent, and that evidence was heard. It was adjudged that McKibben was the only heir of the decedent, and as

such was entitled to the estate in the hands of the administrator. On the same day an agreement was made between the attorneys of McKibben as claimant, and the attorneys for the administrator and "adverse claimants," reciting that evidence had been taken by depositions, and that these might be used on any appeal of the case. An appeal was entered by William H. Underwood and others, describing themselves in the caption of the appeal as claimants adverse to Lucien McKibben. The appellants' names were signed to the appeal by one of the attorneys who signed the agreement in regard to the use of the depositions already taken. Under these circumstances, we are unable to agree with our brother of the trial bench that there was nothing to show that the appellants were related to the deceased, or in any way interested in the distribution of the estate, or were parties to the issue in the court of ordinary, and that mere strangers to the record, without apparent interest in the estate, could not appeal to the superior court and there for the first time set up their interest. Nor do we think that the appeal was a nullity.

Reliance was placed on the decision in *Smith* v. *Smith,* 101 *Ga.* 296 (28 S. E. 665). In that case a widow applied for a year's support, and appraisers made a return setting apart a city lot for that purpose. No objection was filed by any one to the return, and it was recorded as required by law. After this, three persons who alleged themselves to be the children and heirs at law of the decedent, and who were in possession of the lot, entered an appeal to the superior court. The widow filed an equitable petition, praying for the appointment of a receiver to take charge of the lot, alleging that the appellants were insolvent and were acting for delay only. The defendants answered that they were in possession under a gift made by the decedent more than seven years before his death. A receiver was appointed. When the case came on for trial, it appeared that the defendants had voluntarily dismissed their appeal. The plaintiff moved for a decree requiring the receiver to deliver to her the house and lot and the accrued rental, and that the petition be dismissed. The court granted this decree. The plaintiff could not, of course, have the property taken from the possession of another and placed in the hands of the receiver, dismiss her petition without a trial, and at the same time ask that the property be delivered to her. The proper decree was that, upon dismissal of the

action, possession should be restored by the receiver to the person from whom he obtained it. The proceeding there involved was not like that now under consideration. The court of ordinary could not there determine the claim of title adverse to the estate, and the appeal and dismissal of the appeal could not settle that question. The decision in that case was fully discussed in *Dix* v. *Dix,* 132 *Ga.* 630, 637 (64 S. E. 790). It does not control the present case.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*