29987. CUBINE *et al. v.* CUBINE, administrator.

DECIDED JULY 13, 1943.

*S. W. Fariss, Maddox & Griffin,* for plaintiffs. *Wright, Willingham & Fullbright, Rosser & Rosser,* for defendant.

STEPHENS, P. J. Mrs. Irby Cubine and others, alleging that they are legatees under the will of Mrs. Mary L. Cubine, deceased, petitioned the court of ordinary of Walker County, under Code, § 113-2201, for the issuing of a citation against R. D. Cubine, as administrator de bonis non etc., of the estate of Mrs. Mary L. Cubine, for a settlement of his accounts. It was alleged that more than one year had expired from the date of the granting of the letters of administration to the respondent. It was also alleged that while the administrator had filed certain memoranda and vouchers in the office of the ordinary, from such memoranda and vouchers the condition of the estate can not be determined and that petitioners are unable to state whether there are assets belonging to the

estate in the hands of the administrator or not. It was also alleged that the petitioners, as legatees under the will of Mrs. Mary L. Cubine, were entitled to take under the will as fixed and determined by the will. Citation was issued as prayed.

In response to the petition and citation the administrator answered and alleged that the only property which had ever come into his possession belonging to the estate of the deceased, Mrs. Mary L. Cubine, was real estate referred to in her will; that this real estate, pursuant to an order of the court of ordinary, had been sold at public outcry on April 1, 1941, for the sum of $3800; that, at the time of the sale, this real estate was subject to an indebtedness to the Federal Land Bank of Columbia, which was secured by a deed executed by the testatrix, Mrs. Mary L. Cubine, in her lifetime, and on which there was a balance due and owing on March 6, 1941, of $2332.83; that when this real estate was offered for sale at public outcry an announcement was made by the person who conducted the sale at the instance of the respondent, and in the presence of the respondent, that the land would be sold free from any claim of the land bank, and from any claim for taxes; that the respondent, the administrator, would undertake to satisfy the claim of the land bank and any claim for unpaid taxes from funds derived from the sale of the land; that this announcement was openly and expressly made at the beginning of the sale, and was made in such way and manner that all prospective bidders and parties at interest who were in attendance on the sale could hear and understand the same; that the property when sold brought the sum of $3800 which was its full value. The respondent further alleged in his answer that on various dates alleged, which were before April 1, 1941, the date on which the respondent obtained the order from the court of ordinary for the sale of the property, he had paid to the land bank various sums totalling $1123.18. He also alleged in his answer that on various dates before April 1, 1941, he paid designated sums for mowing, cutting, raking, stacking, and baling hay, and for bond premiums and insurance assessments, and since that date had paid the Walker County Messenger for advertising the sale and had paid the state and county taxes for 1940 in a total sum amounting to $330.32. Respondent also alleged that there is an unpaid balance of $19.15 representing costs due the ordinary. He prayed that he be allowed the sum of $200 as part of the ex-

pense of administration for attorney's fees incurred by him; that he be authorized to apply the balance of the funds in his hands as administrator on the entire aforesaid indebtedness, "according to law, and that he be permitted to file his final account as administrator with this court." These expenditures alleged to have been made by the respondent together with the unpaid balance due by the testatrix to the land bank amounts to $4005.48, which is in excess of the amount which the property brought at the administrator's sale, namely, $3800.

The ordinary adjudged that no part of the money derived from the sale of the real estate should be paid to the land bank, or to any other holder of a security deed, but that such money be distributed in accordance with "the law and the orders of this court;" that certain designated moneys which the respondent answered he had paid out should not be retained or paid out by him but should be distributed in accordance with the terms of the will and the further orders and judgment of the court of ordinary; and that "it is specifically reserved by this court to determine hereafter the priorities of payments to the respective claimants against the estate." It was further adjudged that the administrator was not entitled to retain, or pay out of the funds of the estate, $200 for attorney's fees as set out in the answer. It was further adjudged that, in accordance with the agreement of the parties, any party who was dissatisfied with this order might appeal to the superior court on all questions determined in the order without prejudice "to the right of a hearing before the ordinary to determine the priorities of payments of all claims against the estate after a final decision of the questions determined by this order." This judgment was, by the respondent, appealed to the superior court.

■ On the trial of the case in the superior court, on the pleadings as made in the court of ordinary without further amendment, and after hearing evidence for both sides, and after both sides had announced "closed," counsel for the respondent, who was defendant in the superior court, moved the court to "dismiss the entire petition because the original petition does not set forth any facts whereby an accounting could be based upon it;" that the original citation "makes no allegation that there is any specific property in the hands of this administrator to be administered;" that "because this proceeding is not the proper proceeding to be brought upon

the construction of the will;" and that the case "involves a very difficult question on the construction of the will." As a part of this motion counsel states that the will is "before this court for the first time in this case." It is recited in the bill of exceptions that the judge of the superior court then and there presiding "sustained said motion and passed an order dismissing said petition and proceeding,—said order and judgment being as follows: 'At the conclusion of the evidence on motion of respondent, the within petition is dismissed.' " This order was signed by the judge as of November 13, 1942. The motion made by counsel for the respondent administrator was to dismiss the "entire petition." While this motion was made at the conclusion of the evidence there was no motion made to dismiss the entire proceedings. The motion to dismiss was made on the grounds that the "original petition does not set forth any facts whereby an accounting could be based upon it," and that the "original citation . . makes no allegation that there is any specific property in the hands of this administrator to be administered." Each of these grounds is in the nature of a general demurrer to the petition or citation. The motion of counsel for the respondent administrator to dismiss the original petition is also on the ground that "this proceeding is not the proper proceeding to be brought upon the construction of the will," and that "the will is before this court for the first time." The court in response to this motion passed an order reciting that "the within petition is dismissed." The court did not by any judgment or order dismiss the entire proceedings or the entire case. The judgment of the court therefore must be construed as one dismissing the petition on motion by the respondent which was in the nature of a general demurrer.

It is provided in the Code, § 113-2201 as follows: "Any person interested as distributee or legatee may, after the expiration of one year from the grant of administration, cite the administrator to appear before the ordinary for a settlement of his accounts." The petition, in so far as it alleges that the petitioners are entitled to take under the will of Mrs. Mary L. Cubine, deceased, that the respondent R. D. Cubine is administrator de bonis non, etc., of the estate of Mrs. Mary L. Cubine, and prays that he be cited for an accounting, and that while such respondent administrator de bonis non had filed certain memoranda and vouchers in the office

of the ordinary, the condition of the estate can not be determined therefrom, and the petitioners are unable to state whether there are assets belonging to the estate in the hands of the administrator, and that more than one year has expired from the date of the grant of letters of administration to the respondent, Cubine, alleges sufficient grounds, as provided in the Code, § 113-2201, to call the respondent administrator de bonis non to an accounting. In a proceeding in the court of ordinary to call executors and administrators to account a citation is all the pleading that is necessary. *Langston* v. *Marks*, 68 *Ga.* 435; *Brantley* v. *Greer*, 71 *Ga.* 11 (2); *Lyons* v. *Armstrong*, 142 *Ga.* 257 (3) (82 S. E. 651); *Underwood* v. *Stanford*, 143 *Ga.* 325 (85 S. E. 102).

It is not essential to the sufficiency of a petition in the court of ordinary to call the administrator to an accounting, or to a citation, that it be alleged that there are assets of the estate, or any specific property in the hands of the administrator, to be administered. The Code does not provide that it must appear that the administrator has assets or property of the estate in his hands as one of the grounds on which he can be called to an accounting by a distributee or legatee. The Code merely provides that, after the expiration of one year from the grant of administration, any person interested as distributee or legatee may cite the administrator to appear before the ordinary for a settlement of his accounts. It may be that the administrator, who presumably had acquired possession of property belonging to the estate, had disbursed the property, and at the time of the filing of the petition, or citation, for an accounting, had no property of the estate in his possession. Such fact certainly would not preclude a distributee or legatee from calling the administrator to an accounting. There is therefore no merit in the motion to dismiss the petition on the ground that there is no allegation that there was any specific property in the hands of the respondent administrator to be administered.

The Code section gives the right to a legatee, who is a person who takes under a will, to cite the administrator to appear before the ordinary for a settlement of his accounts. Where it appears in the petition and citation for a settlement that the petitioners are legatees under a will, and as such are entitled to an accounting, and there are no allegations as to the interpretation or construction of the will, the petition is not subject to dismissal on the ground

that there is presented a case for the construction of a will and that the ordinary has no jurisdiction.

So far as it appears from the petition and the citation, there is presented for determination by the ordinary no construction of any intricate bequests or difficult legal questions arising under a will. Nor does it appear therefrom that the court of ordinary did not have jurisdiction to call the respondent administrator to an accounting on the ground that in such a proceeding there is presented for construction intricate bequests and difficult legal questions arising under a will. It is stated by Judge MacIntyre in *Porter* v. *Watson*, 51 *Ga. App.* 848 (181 S. E. 680) as follows: "To hold that in a citation for settlement he [the ordinary] may not pass an order, because 'an intricate question of law may be involved,' would in all cases where such question is made take away the jurisdiction of his court to pass upon the matter. To do this would nullify the plain provisions of the Code section. In *Cook* v. *Weaver*, 77 *Ga.* 9, it was held, following the decision of *Drane* v. *Beall*, 21 *Ga.* 21, that a court of ordinary could not construe a will, and that the 'same reasoning applies as fully to the settlements of accounts by the ordinary, *when the construction of wills* [italics ours] is before him.' To apply this principle, as insisted by counsel in this case, would take away the jurisdiction of the court of ordinary in all cases involving questions of law. What are 'intricate questions' is sometimes largely a matter of opinion."

No inquiry into the evidence, or matters outside of the allegations in the petition, affords any ground for the dismissal of the petition by an order equivalent to a motion in the nature of a general demurrer. Even assuming that the will, the contents of which do not appear in the petition, and a construction of which is not invoked by any allegation in the petition, appeared for the first time in the evidence, and there was presented an issue involving the construction of intricate bequests and difficult questions as to the meaning and construction of the will, and that therefore the court of ordinary had no jurisdiction to decide the questions presented by the petition and citation for an accounting and the answer of the respondent administrator, and that therefore the superior court, on appeal from the judgment of the court of ordinary had no jurisdiction of the case, this is not a ground for the dismissal of the petition.

The court therefore erred in sustaining the motion to dismiss the petition and passing the order dismissing the petition.

■ Manifestly there is no merit in the motion of the defendant in error, the respondent administrator, to dismiss the bill of exceptions on the ground that the evidence adduced on the trial does. not appear anywhere in the record brought to this court.

■ The judgment of the court of ordinary, in so far as it adjudged that no part of the money derived from the sale of the real estate should be paid to the land bank or any other holder of a security deed but that such money be distributed in accordance with "law and orders of this court," is a final judgment in so far as it adjudges that the money should not be paid to the land bank or any other holder of a security deed. The judgment is also final in so far as it adjudges that the respondent administrator is not entitled to retain or pay out of the funds of the estate $200 as attorney's fees as set out in the answer of the respondent. The plaintiffs moved in the superior court to dismiss the appeal on the ground that the judgment of the court of ordinary was not a final judgment, and was not a judgment such as an appeal therefrom would lie to the superior court. This motion was overruled, and to the judgment overruling this motion the plaintiffs excepted. The judgment of the court of ordinary was in all respects final except in so far as it reserved the determination hereafter of the distribution of the funds derived from the sale of the real estate and the "priorities of payments" of other funds. It is provided in the Code, § 6-201, that "An appeal shall lie to the superior court from any decision made by the court of ordinary, except an order appointing a temporary administrator." No distinction is made between a judgment or decision which is final and one which is not final. As provided, the appeal shall lie from "any decision." Whether or not an appeal would lie only from a final judgment, an appeal lies from a judgment of the ordinary rendered in this case, which, as has been pointed out, is final in every respect except in so far as it reserves for future determination a distribution of certain assets of the estate and the determination of certain "priorities of payments." The judgment is one from which an appeal properly lay to the superior court, and the court did not err in overruling the plaintiffs' motion to dismiss the appeal.

Since the court erred in sustaining the motion to dismiss the petition, the judgment dismissing the petition is reversed.

*Judgment reversed. Sutton and Felton, JJ., concur.*