40104. WELLS et al. v. CHEMICAL BANK NEW YORK TRUST COMPANY.

PANNELL, Judge. The record sent up with the bill of exceptions in this case discloses that Chemical Bank New York Trust Company brought suit against "Freddie Wells, individually and d/b/a Freddie Wells Beauty Supply, Freddie Wells Beauty Supply, Inc. and Wells and Bullard, Inc. and against Freddie Wells Beauty Supply, Inc. and against Bullard Beauty Suppliers, Inc., defendants," alleging that the defendants were indebted in a named sum to the plaintiff. A single answer was filed by all the named defendants. Upon motion for summary judgment the trial judge rendered a judgment for part of the sum sued for against the "defendants," leaving the question of the remainder to a jury. The bill of exceptions in this court to this decision of the trial judge is captioned, "Freddie Wells et al., Plaintiff in error v. Chemical Bank New York Trust Company, Defendant in error." In the body of the bill of exceptions, it is recited that the defendant in error filed its petition against "Plaintiff in error" and refers to copies of two letters written by "Plaintiff in error" which letters, according to the record, were written by Freddie Wells Beauty Supply, Inc., and that "Plaintiff in error in its answer contended that they only owed a named amount; that on the hearing for summary judgment a counter affidavit was filed by Plaintiff in error" alleging that certain merchandise was held by "Plaintiff in error" and recites that "Plaintiff in error" excepts to the order of the court granting summary judgment; and, that "Plaintiff in error" should be allowed to proceed to trial on the issues raised in both counts of said petition, and that "Plaintiff in error" presents "this his bill of exceptions," and "Plaintiff in error most respectfully submits this his bill of exceptions." There are other instances where the term, "Plaintiff in error," is used in the bill of exceptions. Nowhere in the bill of exceptions does the name of any of the defendants in the court below appear except in the caption where the name of Freddie Wells appears with the abbreviation "et al."

1. Properly construed, Freddie Wells is the only party plaintiff in error to the bill of exceptions, the words, "et al." being insufficient to designate any other person as the party plain-

tiff in error. *Swift v. Thomas*, 101 Ga. 89, 92 (28 SE 618);
*Orr v. Webb*, 112 Ga. 806 (2) (38 SE 98).

2. There being no evidence presented at the hearing of the plaintiff's motion for summary judgment that Freddie Wells owed the plaintiff any sum whatever, but on the contrary, disclosing that if anyone owed the plaintiff it was one of the corporations sued, the trial judge erred in granting summary judgment against Freddie Wells, the only plaintiff in error.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

DECIDED SEPTEMBER 26, 1963.

*William M. Redman, Jr., George F. Wheeler, Jr.,* for plaintiffs in error.

*Gerstein & Carter, Edwin F. Hunt,* contra.