A90A1879. BRUCE et al. v. McMULLEN et al.
(404 SE2d 620)

POPE, Judge.

Appellees, the executrixes of the will of decedent Garland C. Bagley, submitted what they purported to be the decedent's last will and testament for probate. The probate court denied the petition for probate because of lack of evidence that the document submitted was in fact the last will and testament of the decedent.

A class of legatees and debtors, including appellants Charles Bruce and Penny Profit Foods, Inc., filed suit in the superior court against the executrixes alleging fraud in the execution of the decedent's will and the documents submitted to the probate court. The parties to the superior court action entered into a consent order pursuant to which the probate court order denying probate of the will was set aside, and the executrixes were ordered to resubmit the will for probate. The consent order expressly directed that the class of legatees and debtors be given notice of the renewed probate proceeding.

The record shows appellants were served with notice of the second hearing of the probate court on the petition to probate the decedent's will although they filed no pleading in the proceeding. The probate court again denied probate to the resubmitted will. Appellants filed a notice of appeal to the superior court but the superior court dismissed the appeal on the ground that appellants had no standing

to appeal because they were not parties to the probate proceeding. We hold the superior court erred in dismissing the appeal from the probate court proceeding.

The issue here is how does one become a party with standing to appeal an order of the probate court. According to the ruling of the superior court, to be a party to a probate court proceeding with standing to appeal the court's order, one must have submitted a pleading in the probate court proceeding. According to earlier rulings of the Georgia Supreme Court, however, one becomes a party to a probate court proceeding with standing to appeal the ruling in that proceeding if one is served with notice of the proceeding, even if no pleading is filed. In *Mitchell v. Pyron*, 17 Ga. 416 (1854), the Supreme Court held a creditor who was served with notice of the proceeding in the court of ordinary (now probate court) "was a party to the proceeding, whether he made objection to the proceeding before the Ordinary or not, and had a right to appeal . . . if dissatisfied with the Ordinary's decision. . . ." Id. at 417. See also *Underwood v. Stanford*, 143 Ga. 325 (85 SE 102) (1915); cf. *Samples v. Samples*, 194 Ga. 383 (1) (21 SE2d 601) (1942); *Swift v. Thomas*, 101 Ga. 89 (1) (28 SE 618) (1897) (in which the Supreme Court held that parties who had neither appeared to contest by caveat the probate of a will at the probate court level nor presented evidence on appeal to the superior court had no standing to appeal the judgment of the superior court affirming the setting up of the will).

The record shows appellants were served with notice of the second hearing on the petition to probate the decedent's will. Thus, they were parties to the proceeding and had standing to bring the appeal for de novo review to the superior court. Those cases relied upon by the superior court for its ruling that the appellants have no standing to bring the appeal involve parties who tried to enter a proceeding by filing an objection to the petition but whose pleading was not allowed, showing the probate court ruled they were not proper parties to the proceeding. See *Townsend v. Cain*, 140 Ga. App. 251 (230 SE2d 504) (1976); *Sutherland v. Donovan*, 34 Ga. App. 643 (2) (130 SE 688) (1925). Here, by contrast, and in *Mitchell* and *Underwood*, cited above, the probate court indicated its intent to consider the appellants to be parties to the probate proceeding by providing notice to them as interested parties. Thus, they had standing to appeal the proceeding and the superior court erred in dismissing their appeal.

*Judgment reversed. Sognier, C. J., and Beasley, J., concur. Andrews, J., disqualified.*

## ON MOTION FOR REHEARING.

On motion for rehearing, appellees argue that the Georgia Su-

preme Court cases cited in the opinion set forth two conflicting lines of reasoning on the issue of how one becomes a party with standing to appeal an order of the probate court. Appellees attempt to distinguish the facts of this case from those in *Mitchell v. Pyron*, 17 Ga. 416 (1854) and *Underwood v. Stanford*, 143 Ga. 325 (85 SE 102) (1915), in which an appeal was allowed. Appellees argue this case should be governed by *Samples v. Samples*, 194 Ga. 383 (1) (21 SE2d 601) (1942) and *Swift v. Thomas*, 101 Ga. 89 (1) (28 SE 618) (1897), in which an appeal was not allowed. To the extent that the two lines of cases are conflicting, the conflict cannot be resolved by this court. It is our task to apply the law which we believe is most applicable to the factual and procedural posture of the case before us. Because the record shows a clear intent by all parties, including appellees, who participated in the consent order filed in the fraud action, to make appellants parties to the renewed probate proceedings, we believe appellants must be considered parties with standing to appeal the probate court order.

*Motion for rehearing denied.*

DECIDED MARCH 8, 1991 —
REHEARING DENIED MARCH 25, 1991 — 

*Lynwood D. Jordan, Jr.*, for appellants.
*Shinall & Jackson, John M. Shinall*, for appellees.