### A07A0110. BOOKER v. BOOKER.
(648 SE2d 445)

MILLER, Judge.

After Marcus D. Booker died intestate, his surviving spouse, Kewanda Reid Booker ("Ms. Booker" or "wife"), petitioned the probate court for a year's support. The probate court granted such petition without objection upon notice, publication, and service as required by law. The decedent's mother, Johnnie Mae Booker (the "mother"), appealed to the superior court, but the superior court dismissed her appeal, finding that she "has no standing to object to the award of [a] Year's Support since she has no property right, claim or interest in or against the Estate of Marcus D. Booker." The mother appeals, but finding that she lacked standing to appeal from the judgment of the probate court because she was a nonparty in such proceedings and otherwise without any legally cognizable interest therein, we affirm.

The evidence shows that prior to his death, Mr. Booker had filed a complaint for divorce from his wife. The complaint for divorce was dismissed with prejudice upon his death. The decedent and Ms. Booker, however, had executed a settlement agreement in contemplation of its incorporation in any final decree of divorce. Under the agreement, Ms. Booker, among other things, "release[d] all right, title, and interest she may have in [the decedent's] estate."

The mother contends that the probate court's award of a year's support to Ms. Booker was foreclosed in light of the settlement agreement by which Ms. Booker had released any interest in the decedent's estate. We find, as the trial court did, that the mother lacks standing to make such a claim.

Pretermitting the enforceability of the settlement agreement, an appeal from a decision in the probate court under OCGA § 5-3-2 must be taken by the party plaintiff or party defendant. OCGA § 5-3-5; see also *Samples v. Greene*, 138 Ga. App. 823, 827 (6) (227 SE2d 456) (1976) ("Only parties to the proceeding below may be parties on appeal. [OCGA § 5-6-37.]"). Given that the mother was not a party in the probate court despite publication of notice and service (see *Montgomery v. McCants*, 49 Ga. App. 324, 327 (175 SE 397) (1934)),

she lacked standing to appeal its decision. OCGA § 5-3-5; *Knowles v. Knowles*, 125 Ga. App. 642, 645 (1) (188 SE2d 800) (1972).

In light of the foregoing, the superior court did not err in dismissing the mother's appeal from the probate court's award of a year's support to Ms. Booker.

*Judgment affirmed. Smith, P. J., concurs. Barnes, C. J., concurs specially.*

BARNES, Chief Judge, concurring specially.

Although I concur fully in all that is said in the majority opinion, I write separately to emphasize that our decision in this case is concerned only with the mother's lack of standing to pursue the appeal. In affirming the judgment of the superior court dismissing the mother's appeal, we have not addressed the propriety of any of the rulings of the probate court and our decision should not be taken as approval of any of the probate court's judgments.

DECIDED JUNE 20, 2007.

*Michael O. Horgan*, for appellant.
*Kopecky & Roberts, James I. Roberts*, for appellee.