**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**July 5, 2012**

# In the Court of Appeals of Georgia

A12A0734. DOROTHY GARREN v. RICK GARREN.

MIKELL, Presiding Judge.

Dorothy Garren appeals from the superior court's reversal of an award of year's support after the death of her husband. She contends that the superior court erred in denying her motions for dismissal and for summary adjudication, as well as challenges the superior court's jurisdiction to reverse the grant of a year's support. Finding that the superior court was without jurisdiction to reverse the award of year's support, we reverse.

In 2007, Ralph Garren died testate, leaving his wife, Dorothy,[1] and several adult children, including a son, Rick Garren. Dorothy filed a petition for year's

---

[1] To avoid confusion, the Garrens will hereinafter be identified by their first names.

support in Fannin County Probate Court. Although Rick did not file an objection with the Probate Court clerk's office, he later testified that he sent a copy of a handwritten letter signed by himself and his mother, Dorothy, to the probate judge's chambers seeking to withdraw the petition for a year's support. This letter was not filed with the probate court and is not part of the record. The probate court entered a final order, awarding the property sought in petition, which included approximately six acres of property.[2] Rick appealed this award to the Fannin County Superior Court, and the case was transferred on June 12, 2009.

In the superior court, Dorothy filed a motion for summary judgment and a motion to dismiss the appeal, arguing that because Rick had not contested the petition in the probate court, he was not allowed to contest it before the superior court. The superior court denied both motions, finding that an issue of material fact existed as to whether Rick had properly filed an objection in the probate court. The case then proceeded to a bench trial, where the superior court found that the letter had not been properly filed with the probate court, but then set aside the award for a year's support

---

[2] OCGA § 53-3-7 (a) provides: "If no objection is made after the publication of the notice, or, if made, is disallowed or withdrawn, the probate court shall enter an order setting aside as year's support the property applied for in the petition."

based upon Dorothy's failure to provide evidence as to an appropriate amount to be awarded as a year's support.

1. We first consider the contention that Dorothy was entitled to summary judgment on her petition for a year's support. After the denial of the motion for a summary judgment, the case came before the superior court for an evidentiary bench trial. "After verdict and judgment, it is too late to review a judgment denying summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case."[3] Accordingly, this enumeration is without merit.

2. Dorothy next contends that the superior court erred in denying her motion to dismiss the appeal because Rick did not file a valid objection to her petition before the probate court. We disagree.

Dorothy's argument that Rick's failure to file a pleading in the probate court leaves him without standing to appeal the probate court's decision is without merit. "[O]ne becomes a party to a probate court proceeding with standing to appeal the ruling in that proceeding if one is served with notice of the proceeding, even if no

_____

[3] (Citation and punctuation omitted.) *Kicklighter v. Woodward*, 267 Ga. 157, 162 (4) (476 SE2d 248) (1996).

pleading is filed."[4] The record shows that Rick was served with notice of her petition prior to the probate court's award of the year's support and was an interested party as the sole beneficiary of Ralph's will. Thus, he was a party to the proceeding and had standing to bring the appeal for de novo review to the superior court.

Dorothy next contends that Rick's failure to file a valid objection before the probate court meant that the superior court did not have jurisdiction over the issues resolved on appeal. On appeal from the decision of a probate court, the superior court conducts a de novo investigation of the probate court's proceedings, and in doing so, will consider the records from the probate court, as well as other competent evidence which may not have been presented to the probate court.[5] It is clear that the superior court may consider new evidence not related to issues raised before the probate court.[6] However, there appears to be a conflict in our case law regarding whether the superior court is restricted on appeal to considering only those issues presented before

---

[4] (Citation omitted.) *Bruce v. McMullen*, 199 Ga. App. 239, 240 (404 SE2d 620) (1991).

[5] OCGA § 5-3-29; *Batten v. Batten*, 182 Ga. App. 442 (1) (356 SE2d 228) (1987).

[6] *Barmore v. Himebaugh*, 200 Ga. App. 868 (410 SE2d 46) (1991).

4

the probate court. In *Yancey v. Hall*,[7] our Supreme Court held that "the jurisdiction of the superior court on appeal would be limited to the merits of [the issues presented before the probate court.]"[8] In so ruling, our Supreme Court implicitly overruled this Court's earlier opinion in *Barmore v. Himbaugh*[9] to the extent that this Court stated that "de novo appeals to the superior court are not limited to issues raised in the probate court."[10]

In the present case, the only issue before the probate court was whether or not an objection was made after the publication of notice of Dorothy's petition for a year's support. OCGA § 53-3-7 (a) provides that "[i]f no objection is made after the publication of notice, or, if made, is disallowed or withdrawn, the probate court *shall enter an order setting aside as year's support the property applied for in the petition*." (Emphasis supplied.) Without such objection, the probate court was not required to evaluate whether Dorothy was entitled to a year's support or what would

---

[7] 265 Ga. 466 (458 SE2d 121) (1995).

[8] (Citation omitted.) Id. at 467 (1).

[9] Supra.

[10] (Citation omitted.) Id.

5

constitute a sufficient year's support.[11] Rather, the statute mandates the probate court to enter an award setting aside the property applied for in the year's support. However, because the superior court found an issue of material fact existed as to whether an objection was properly filed before the probate court, an issue properly within the superior court's jurisdiction, it's failure to grant Dorothy's motion to dismiss was not in error.

3. Dorothy contends that the superior court erred in setting aside the probate court's award of a year's support, arguing that because she did not have to submit evidence showing the amount necessary for year's support before the probate court, she should not have to present that evidence before the superior court. We agree.

An appeal taken from the probate court to superior court comes up de novo where the issues are tried anew as if no trial had been had.[12] "It is not the province of

---

[11] Only after an objection is made must the probate court consider the following factors in determining the appropriate award of year's support: "(1) The support available to the individual for whom the property is to be set apart from sources other than year's support, including but not limited to the principal of any separate estate and the income and earning capacity of that individual; (2) The solvency of the estate; and (3) Such other relevant criteria as the court deems equitable and proper." OCGA § 53-3-7 (c).

[12] OCGA § 5-3-29; *Knowles v. Knowles*, 125 Ga. App. 642, 645 (1) (188 SE2d 800) (1972).

6

the superior court on such an appeal to review and affirm . . . , but to try the issue anew and pass original judgments on the questions involved as if there had been no previous trial."[13] All competent evidence may be introduced in the superior court whether or not it was submitted before the probate court.[14]

As stated in Division (2), the only issue properly before the superior court on appeal was whether or not an objection had been made to Dorothy's petition for year's support. After hearing Rick's testimony regarding the objection letter he sent to the probate court judge, the trial court concluded that the letter had not been properly filed before the probate court. Because the superior court found that no objection had been made to the petition for year's support, it erred in placing the burden of proof to show the amount sufficient for year's support upon Dorothy. The language of OCGA § 53-3-7 (c)[15] indicates that the petitioner shoulders this burden

---

[13] (Citation and punctuation omitted.) Id.

[14] *Lee v. Wainwright*, 256 Ga. 478, 479 (350 SE2d 238) (1986).

[15] "If objection is made to the amount or nature of the property proposed to be set aside as year's support, the court shall . . . [take] into consideration the following: (1) The support available to the individual for whom the property is to be set apart from sources other than year's support . . . (2) The solvency of the estate; and (3) Such other relevant criteria as the court deems equitable and proper. The petitioner for year's support shall have the burden of proof in showing the amount necessary for year's support."

of proof only once an objection has been made. Accordingly, we find that the superior court erred in setting aside the year's support award for failure to provide evidence regarding the amount sufficient to constitute a year's support.

*Judgment reversed. Miller and Blackwell, JJ., concur.*