**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 13, 2013**

# In the Court of Appeals of Georgia

A13A1319. IN RE: ESTATE OF BILLY ROGERS.

MCMILLIAN, Judge.

Laura Nell Rogers ("mother") and Mike Wilson (collectively referred to as "appellants") filed this appeal from an order of the Superior Court of Oglethorpe County dismissing their appeal from an order of the probate court granting letters of administration to appellee Cheryl Ann Rogers. The basis for the dismissal was that appellants were not parties to the probate court proceedings and therefore lacked standing to appeal the probate court's order. Because the record shows that appellants fully participated in the probate court proceedings and were recognized as parties by that court, we must reverse.

The pertinent facts show that Billy Joel Rogers died intestate on June 23, 2012. Wilson, who is Rogers' first cousin, filed a petition for temporary letters of administration and was appointed temporary administrator of the estate on July 5, 2012. On July 11, 2012, Rogers' wife, appellee Cheryl Ann Rogers ("wife"), as Rogers' surviving spouse and claiming to be his sole heir at law, filed a petition for temporary letters of administration and a separate petition for permanent letters of administration, seeking the expanded powers enumerated in OCGA § 53-12-261.

Notice of the petition for letters of administration was properly published in the appropriate legal organ. That notice specifically provided, inter alia, that all objections to the petition had to be made in writing and filed with the court on or before August 20, 2012. On August 7, 2012, appellants filed an objection to the appointment of the wife as the temporary administrator of the estate, contending, among other things, that the wife had relinquished her right to inherit from Rogers' estate in a prenuptial agreement. This objection was filed by attorney Lane Fitzpatrick "Attorney for [the mother] and Mike Wilson." On August 21, 2012, the day after the deadline for filing objections to the wife's appointment as administrator of the estate, the probate court judge issued a rule nisi, noting an objection had been filed and setting a hearing on the petition for September 14, 2012. Appellants were both listed

2

as persons who should receive a copy of the rule nisi, although it was noted that an address for the mother had not been listed on the objection. On August 30, 2012, the probate court issued an order rescheduling the hearing. Again, this rule nisi provided that each appellant was to be served with notice of the hearing, and service on the mother was directed to "Attorney Lane Fitzpatrick."

A hearing was held on September 27, 2012. The wife, who was represented by attorney Dennis Helmreich, was present along with her counsel. Wilson was also present, along with attorney Lane Fitzpatrick, but the mother did not attend the hearing.

At the beginning of the hearing, the probate court judge stated as follows: "We take notice of the objection filed by – that was filed by the mother and the temporary administrator, but we are here on the permanent administration." Fitzpatrick then made a motion to disqualify Helmreich from representing the wife because Helmreich had been subpoenaed to testify at the hearing. Following argument by both sides, the probate court denied the motion based on "hardship."

Helmreich then proceeded with his opening statement, arguing that the prenuptial agreement in which Rogers and the wife relinquished their right to inherit had been supplanted by another agreement signed shortly after they were married in

3

which each had been granted the right to inherit from the other's estate. Helmreich concluded his statement by requesting that the wife's petition to administer the estate be granted without having to call witnesses or present evidence since no objection had been timely filed. The probate court judge stated that the hearing would continue.

Both sides then presented evidence and witnesses, and Helmreich, who had prepared both the prenuptial and post-nuptial agreements, testified. At the conclusion of the hearing, Fitzpatrick moved to have Wilson appointed as administrator, asserting in essence that the original prenuptial agreement in which the parties had waived their inheritance rights should be enforced. Helmreich moved the court to grant the wife's petition, arguing that the wife was Rogers' sole heir at law and had the right to be appointed administrator of Rogers' estate "especially when . . . [t]here have been no objections filed for her petition for permanent letters of administration."

Following the hearing, the probate court issued an order granting the wife's petition to be appointed administrator of Rogers' estate. The order also recited that the appellants had filed an objection on August 7, 2012. The certificate of service shows that the order was served on Wilson and Fitzpatrick "Attorney for [the mother]."

Appellants filed an appeal to the superior court from the probate court's order, stating it was filed on behalf of the mother, identifying her as Rogers "sole heir" and Wilson, as temporary administrator of Rogers' estate. The wife filed a motion to dismiss the appeal in the probate court, asserting that the appellants were not parties to the probate court proceedings and thus lacked standing to appeal the probate court's order to the superior court. The certificate of service shows that the motion to dismiss was served on the mother and Wilson at street addresses, but was not served on Fitzpatrick. However, the clerk of the probate court certified that the motion had been faxed to Fitzpatrick.

On October 8, 2012, the probate court issued an order indicating that it had read the motion to dismiss and that it was transmitting both the appeal and motion to the superior court. This order was served on Wilson and on Fitzpatrick, as attorney for the mother.

The wife reasserted her motion to dismiss the appeal based on lack of standing after the case was transmitted to the superior court. The superior court granted the motion, finding that, pursuant to well-established Georgia law, the wife, being the sole heir at law, had the right to unanimously select herself to serve as the administrator of Rogers' estate. Further, the superior court found that no objections

to the petition for letters of administration had been filed following proper publication of notice, and that Wilson and the mother were "neither plaintiffs nor defendants, neither petitioners nor caveators, in the Probate Court." Thus, the superior court concluded that Wilson and the mother lacked standing to appeal the probate court's order appointing the wife administrator of Rogers' estate. Accordingly, the court dismissed the appeal with prejudice and awarded the wife her costs, including reasonable attorney fees incurred in the matter.[1]

1. Citing *Garren v. Garren*, 316 Ga. App. 646 (730 SE2d 123) (2012), and *Bruce v. McMullen*, 199 Ga. App. 239, 240 (404 SE2d 620) (1991),[2] appellants contend that the superior court erred by dismissing their appeal based on lack of

_____

[1] We note that appellants did not oppose the motion to dismiss in the superior court. However, after the order was entered, appellants filed separate affidavits averring that they were not served with the motion to dismiss after it was filed in superior court, and that they were unaware that the motion was pending until after the court's order dismissing the appeal was entered.

[2] *Garren* and *McMullen* held that one becomes a party to a probate court proceedings when the probate court provides notice of the proceeding. But as noted in *McMullen*, there appear to be conflicting lines of cases in our Supreme Court as to how one becomes a party to a probate proceeding. *McMullen*, 199 Ga. App. at 240. Compare *Samples v. Samples*, 194 Ga. 383, 384-385 (1) (21 SE2d 601) (1942) (not a party to the proceeding); *Swift v. Thomas*, 101 Ga. 89, 91 (28 SE 618) (1897) (same); *Booker v. Booker*, 286 Ga. App. 6, 6-7 (648 SE2d 445) (2007) (same) with *Mitchell v. Pyron*, 17 Ga. 416 (1854) (appeal allowed), cited in *Underwood v. Stanford*, 143 Ga. 325 (85 SE 102) (1915) (same).

6

standing because they became parties to the probate court proceeding with standing to appeal the probate court's ruling when the probate court served them with notice of the proceeding, pointing specifically to the rule nisi orders the probate court issued prior to the hearing on the wife's petition for letters of administration. Pretermitting whether appellants would have become parties to the probate court proceedings with standing to appeal to the superior court simply by being served with notice of the proceedings, appellants and the probate court did much more here. Appellants also filed an objection, and although that objection was on its face to the wife's petition for *temporary* letters of administration, the reason stated for the objection was equally applicable to the wife's petition to be appointed the permanent administrator of the estate, and the probate court apparently considered but rejected this contention in granting the wife's petition. The objection was filed by Lane Fitzpatrick, "Attorney for [the mother] and Mike Wilson," and after the initial rule nisi the probate court directed that all notices and orders be served on Fitzpatrick on the mother's behalf.

Moreover, Wilson and Fitzpatrick appeared and fully participated in the hearing on the wife's petition by calling witnesses and introducing evidence to support the assertion that the wife had relinquished her right to inherit from Rogers' estate and should not be appointed as administrator. Further, the probate court

implicitly rejected the wife's attorney's argument that the petition should be summarily granted because no objections had been filed when the court went forward with the hearing and the probate court likewise implicitly denied the wife's motion to dismiss appellants' appeal by transmitting the appeal along with the motion to the superior court. In sum, and considering all the circumstances here, we agree with appellants that the probate court clearly, if not explicitly, indicated its intent to treat appellants as parties to the probate proceedings, and clearly, if not explicitly, allowed them to participate in those proceedings as if they were parties thereto. *McMullen*, 199 Ga. App. at 240.

Further, appellants raised the issue of whether the wife had renounced her right to inherit from Rogers' estate and this issue was inextricably intertwined with the question of whether the mother or the wife was Rogers' sole heir at law and entitled to administer his estate, giving the mother at least a potential interest in the estate. Cf. *Booker v. Booker*, 286 Ga. App. 6, 6-7 (648 SE2d 445) (2007) (mother lacked standing because she was a nonparty to probate proceedings and did not have a legally cognizable interest in the estate).

8

Accordingly, the superior court's order dismissing appellants' appeal based on lack of standing is hereby reversed.[3] Cf. *Swift v. Thomas*, 101 Ga. 89, 91 (28 SE 618) (1897) (no standing where notified heir does not file caveat or appear to participate in the proceedings either personally or through counsel); see also *Samples v. Samples*, 194 Ga. 383, 384 (1) (21 SE2d 601) (1942) (same).

2. As stated above, in addition to dismissing appellants' appeal based on lack of standing, the superior court also found that the wife was Rogers' sole heir at law, and that she had unanimously selected herself to serve as administrator of Rogers' estate, "in accord with established Georgia law." Appellants challenge this ruling, arguing that the superior court erred by making this factual determination without providing them with the requisite notice and an opportunity to be heard.

> The effect of an appeal from the [probate] court . . . to the superior court as permitted under [OCGA § 5-3-2 (a)] places the matter in the superior court for a de novo investigation. It brings up the whole record from the court below, and all competent evidence shall be admissible on the trial thereof, whether adduced on a former [hearing] or not; either

---

[3] Although it appears that appellants did not respond to the motion to dismiss when the wife re-filed it after the case was transmitted to the superior court, the superior court did not cite this failure as a basis for dismissing appellants' appeal and we will not consider that issue for the first time on appeal since it appears that there is some dispute in the record concerning whether they received notice of the motion.

9

party is entitled to be heard on the whole merits of the case. . . . [Further s]uch a case must be tried anew as if no trial had been had. It is not the province of the superior court on such an appeal to review and affirm or review the rulings of the [probate court], but to try the issue anew and pass original judgments on the questions involved as if there had been no previous trial.

(Citations and punctuation omitted.) *Knowles v. Knowles*, 125 Ga. App. 642, 645 (1) (188 SE2d 800) (1972). See also *Garren*, 316 Ga. App. at 648-649 (3).

Thus, this portion of the superior court's order must also be reversed.

3. Appellants also challenge the probate court's refusal to disqualify Helmreich. However, the superior court has not yet ruled on this issue and it is not ripe for our review. We do note, however, that the probate court denied the motion because of the hardship arising from the fact that the motion was not made with sufficient time to allow the wife to procure other counsel to represent her at the hearing, a hardship that will no longer exist if the motion is renewed in a timely manner in the superior court de novo proceedings.

4. Based on the foregoing, the superior court's determination that the wife is entitled to recover attorney fees and costs from appellants likewise must be reversed.

*Judgment reversed. Andrews, P. J., and Dillard, J., concur.*

10